JUDGE PEYOE
delivered the opinion oe the court.
Marble, Hicks & Co. contracted with Hardin and wife to erect upon a lot of ground owned by the wife a dwelling for the sum of $1,200; $900 of the money to be paid in hand, and the balance in twelve months. This contract is dated the 15th of September, 1874.
The mechanics filed a statement of the amount due them for the work, with a description of the property, as required by sec. 6 of chapter 70, General Statutes, and then instituted the present action to enforce the lien for the balance unpaid.
The 6th section of the act, in order to preserve the lien, requires the statement of the amount due, etc., to be filed within sixty days after the party has ceased to labor or furnish the material.
Sec. 8 of the same chapter declares “that the lien shall be deemed as having been dissolved, unless an action shall have been brought to enforce the same within six months from the day of filing the account in the clerk’s office, as required by *60 the sixth section/’ unless the debtor should die, and then the further time of six months after the qualification of his personal representative is given, etc.
The balance of the money unpaid was not due until twelve months from the 15th of September, 1874; but nevertheless, the appellees, the mechanics, instituted this action to enforce the lien on the 11th of March, 1875, more than six months before the debt matured. This was upon the idea that unless the action was instituted within six months from the filing of the statement in the county clerk’s office the lien was lost, and therefore, to bring the case within the statute, suit must necessarily be instituted before the debt was due.
The appellants filed an answer exhibiting the written contract, the terms of which were not set out in the petition, insisting that the appellees could not coerce payment or enforce their lien until the debt wasxdue, and asked that the action be dismissed. The case for some reason was continued, and by the next term of the court, the debt having matured, the appellees filed an amended petition, alleging that fact, and asking that the lien be enforced. The appellants objected to the amendment, but the same was permitted to be filed, and a judgment rendered enforcing the lien.
The statute has provided the manner in which the liens of mechanics and material men may be created and enforced, and the contract, in order to preserve this lien, must be made to conform to the provisions of the statute, and not the statute to the terms of the contract.
If a party sees proper to make a contract by which no lien is created, he is only placed upon a footing with other creditors; and when imposing upon himself conditions rendering it impossible for him to comply with the statute, his lien is lost, or, rather, no lien can be created save in the manner provided by law. No judicial construction will be permitted to enlarge the provisions of the statute as to the time in which *61 tbe action may be brought, or to restrict the rights of the debtor by permitting him to be sued before the debt is due. The action for the debt being premature should have been dismissed without prejudice. The record shows that some extra work was done on the premises, amounting to $40 or $50; for this the lien may be enforced, as it was due when the action was instituted.
Judgment reversed, and cause remanded for further proceedings consistent with this opinion.