CASE 65—ACTION BY WARREN NEAFUS AGAINST LOUISVILLE BRIDGE CO..
FOR PERSONAL INJURIES—APRIL 18.

# Louisville Bridge Co. v. Neafus.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

JUDGMENT FOR THE PLAINTIFF AND DEFENDANT APPEALS.   AFFIRMED.

BILLS OF EXCEPTIONS—FAILURE OF JUDGE TO SIGN.

Held:  A bill of exceptions not signed by the judge, can not be considered, though the order filing it, recites that it was signed and. approved.

GIBSON, MARSHALL & GIBSON, FOR APPELLANT.

(Original brief not in the record.)

### SUPPLEMENTAL BRIEF.

Since the filing of the appellant's brief in this case, the court. has decided exactly the question upon which the appellant expected a reversal when the appeal was taken.  In the case at bar the plaintiff in his petition alleged certain *specific acts of negligence*, to-wit: That the plaintiff while waiting for a certain train to pass, "was notified by defendant's agent to cross the track owned by the defendant company, and the plaintiff having entered upon the track, the agent shut down the poles and thereby intercepted the conveyance of plaintiff, frightened his horse and compelled the plaintiff to drive his horse through and over the said track."

Inasmuch as the plaintiff alleged these specific acts of negligence, the lower court should have confined itself to instructions as to these acts.

However, it did not do this, but instructed the jury that if they believed the injuries complained of "were caused by the negligence of the defendant or of its agents or employes," they should find for the plaintiff, thus giving to the jury free rein to find for the plaintiff if they believed the defendant guilty of *any* negligence.  See Sandy River Canal Coal Co. v. Caudell,. (not yet reported) January 10, 1901.

Louisville Bridge Co. v. Neafus.

CARUTH, CHATTERSON AND BLITZ, FOR APPELLEE. .

POINTS AND AUTHORITIES.

1. The bill of exceptions has neither been signed or identified by the judge of the trial court, neither has the transcript of the evidence. This is absolutely necessary before either can be considered on appeal. Civil Code, sec. 337; Stanford v. Parker, 12 Ky. Law Rep., 878; Proctor Coal Co. v. Finley, 20 Ky. Law Rep., 1329; City of Henderson v. Allen, 10 Ky. Law Rep., 282.

2. This is true although an order of court recites that same was signed and made part of record. City of Henderson v. Allen, 10 Ky. Law Rep., 282.

3. There being no bill of exceptions and no transcript of evidence, the court must presume that the evidence was sufficient to authorize the judgment. Tinsley v. White, 21 Ky. Law Rep., 1151; Quaid v. Cornwall, 13 Bush., 601; Johnson v. Hale, 13 Ky. Law Rep., 542; Donan v. Donan, 12 Ky. Law Rep., 291.

4. The pleadings support the judgment, therefore the judgment must be affirmed. Curran v. Taylor, 13 Ky. Law Rep., 750.

OPINION OF THE COURT BY JUDGE DuRELLE—AFFIRMING.

The record shows that the official reporter was directed to take down the testimony in the case. After a verdict had been rendered against appellant, and a motion for a new trial overruled, appellant tendered its bill of exceptions and transcript of testimony, which were laid over until January 20, 1900, for plaintiff's counsel to examine same. On the 20th of January, an order was entered reciting that the official transcript of the official stenographer of the court of the testimony heard in the case was examined by the court, approved, and made a part of the record. The order proceeds: "Thereupon came the defendant, and tendered its bill of exceptions herein, which was examined, approved, and signed, and ordered to be filed as part of the record herein, and thereupon the defendant prayed an appeal," etc. The transcript of testimony, upon examination, does not appear to be attested or identified by the trial judge. Upon the authority of Coal Co. v. Finley

(Ky.) 32 S W., 477, (20 Ky. L. R. 1329) it is contended that
the transcript though made a part of the bill of exceptions,
can not be considered by this court, because it is not attest-
ed or identified by the trial judge. In that case sections
4639, 4641, Kentucky Statutes, were considered, and it was
held that: "In all civil actions, whether ordinary or equita-
ble, where oral testimony is heard on the trial ,the testimo-
ny taken by the reporter under the direction of the court,
etc., may be brought up without being copied, when at-
tested or identified by the trial judge." It is not neces-
sary to decide whether such transcript could be considered,
if made a part of a proper bill of exceptions, without fur-
ther identification than the certificate of the official re-
porter. This transcript of testimony is not before this
court except as a part of what is called a "bill of excep-
tions," and, while the order recites that the bill of excep-
tions which was presented to the court was signed and ap-
proved, what is copied as a bill of exceptions in this rec-
ord does not appear to be either dated or signed by the
judge. In City of Henderson v. Allen & Co., 10 Ky., Law
Rep., 282, this exact question was presented. In the opin-
ion by Judge Barbour, it is said: "It therefore follows
that what is now claimed to be the bill of exceptions
is not the bill signed by the judge, or that, notwithstanding
the recital in the order, the bill was in fact not signed.
Therefore, as upon the plaintiff's pleadings, if sustained
by the evidence, they were entitled to the judgment ren-
dered it must be affirmed." In Stanford v. Parker (Ky.) 15
S. W., 784, 12 Ky. L. R. 878 it was said, in an opinion by
Judge Bennett, construing section 337 of the Civil Code of
Practice: "What purports to be the evidence used on the
trial is embraced in what is called a 'bill of exceptions,'
which is not signed by the judge. The 337th section of the

Civil Code of Practice is imperative upon the judge to sign bill of exceptions if he approves the same. Said bill of exceptions not having been signed, we can not consider the same. Consequently, there being no proof that we can consider as to the appellant's title to the land in dispute, and his title thereto having been put in issue, the judgment dismissing his action must be affirmed." Neither the instructions nor the evidence appear, except in this bill of exceptions, and we are constrained to the conclusion that we can not consider the errors relied on. There being, therefore, no bill of exceptions which we can consider, we must presume that the evidence was sufficient to authorize the judgment, as the pleadings support it. Donan v. Donan's Adm'r, 12 Ky. Law Rep., 291; Curran v. Taylor (Ky.) 18 S. W., 232; (13 Ky. L. R. 750) Johnson v. Hale, 13 Ky. Law Rep., 542; Quaid v. Cornwall, 13 Bush, 60; Tinsley v. White (Ky.) 54 S. W., 169. (21 L. R., 1151)  The judgment is therefore affirmed.

PETITION FOR REHEARING BY APPELLANT.

GIBSON, MARSHALL & GIBSON, ATTORNEYS FOR APPELLANT.

On January 19, 1900, counsel for appellant prepared and tendered a bill of exceptions and transcript of evidence herein to the judge who tried the case, and moved the court to sign, approve and file the bill of exceptions and transcript of evidence. The court refused to sign or direct the bill and transcript to be filed until they had been approved by counsel for appellee, but ordered them tendered and laid over until next day. On the next day the clerk handed the bill of exceptions and transcript of evidence to the court and informed it that appellee's counsel had no objection to them. The court then directed the clerk to file the same, which was done, and by oversight, the court failed to affix his signature to either the bill of exceptions or the report of evidence.

When the attention of the trial court was called to its failure to affix its signature to these papers, it promptly set the case for argument on a motion of appellant to have the bill of exceptions and report of evidence signed *nunc pro tunc*, as of January 20, 1900. When the motion came up for hearing the

Louisville Bridge Co. v. Neafus.

trial judge immediately agreed with appellant's counsel that the omission to sign the bill and report of evidence was wholly the court's fault, and it promptly signed both the bill of exceptions and the report of evidence *nunc pro tunc*, as of January 20, 1900, the same day on which they were filed in the lower court.

A supplemental record has been prepared, showing these facts, for the purpose of perfecting the appellant's record in this court, and we believe the ends of justice require that the judgment affirming herein be withdrawn that the appellant be allowed to file the supplemental record tendered and the case be reheard on its merits.

Appellant's counsel did not see the brief for appellee, and had no intimation that anything was wrong with the record until a copy of the opinion of this court was received, affirming the case on the sole ground that the record was imperfect.

### AUTHORITIES CITED.

Wisconsin Chair Co. v. Columbia Finance and Trust Co. 22 Rep., 1344; Washington Life Ins. Co. v. Menefee's Executor, 21 Ky. Law Rep., 917; Doty, &c. v. Trustees Berea College, 12 Ky. Reporter, 964.

Held: A *nunc pro tunc* order filing a bill of exceptions, entered in the lower court after the affirmance on a judgment on appeal, can not be considered on a petition for rehearing.

OPINION OF THE COURT BY JUDGE DuRELLE—OVERRULING PETITION FOR REHEARING.

After filing the opinion in this case, the appellant appears to have given notice to appellee, and produced before the common pleas division of the Jefferson Circuit Court certain affidavits and the minutes of said court, upon which it moved the court to sign and approve the bill of exceptions and transcript of evidence filed in the case, and to make said signatures *nunc pro tunc*, as of the 20th day of January, 1900. The circuit judge thereupon entered an order sustaining the motion, and, as recited in the order, "thereupon the court approved the said report of the evidence, and signed the bill of exceptions, all as of the 20th day of January, 1900." A petition for rehearing has

been filed in this court, together with a motion to set
aside the judgment of this court and the submission, and
to file a supplementary record showing these proceedings,
and containing a copy of the bill of exceptions signed by
the circuit judge, but not containing the transcript of tes-
timony, or showing that it was signed or identified by the
judge, except in so far as the order quoted, and reciting
that it was approved, tends to show that fact. In support
of these motions, appellant relies upon several cases de-
cided by this court. In Wisconsin Chair Co. v. Columbia
Finance & Trust Co. (Ky.) 60 S. W., 717, 22 Ky. L. R., 1374
the opinion does not show the action relied on as a prece-
dent, but the action taken was to set aside a judgment of
affirmance, and permit the filing of a corrected and supple-
mental transcript, showing the bill of exceptions to have
been signed by the circuit judge. What was done in that
case was to correct the record in this court, and make it
conform to the record as it existed in the trial court at
the time of the appeal. In Doty v. Trustees (Ky.) 15 S. W.,
1063, 16 S. W., 268 (12 Ky. L. R., 964) an omission from
the transcript of the record filed in this court of
the return of service of process was permitted to be cor-
rected after a judgment of reversal rendered upon the
sole ground that service of process was not shown. In
Insurance Co. v. Menefee's Ex'r (Ky.) 53 S. W., 260, (21 Ky.
L. R., 916) a supplemental record was filed before submis-
sion, showing a *nunc pro tunc* order filing the bill of excep-
tions contained in the original record, bearing an indorse-
ment showing its filing, and having a certificate in the usual
form, signed by the judge. The *nunc pro tunc* order seems
to have been made subsequent to the taking of the appeal,
but the supplemental record was nevertheless considered.
The question of practice in that case, however, was not es-
sential to the decision of the case, which was affirmed

upon the merits. It will be observed that none of the au·
thorities cited come up to the question presented in this
case, which is whether, after submission and judgment
in this court, the record in the lower court may be amend-
ed, and such action so taken by the lower court be shown
here, to enable this court to reverse its former action.
With considerable regret arising from the circumstances
of hardship which appear in this case, we have reached
the conclusion that this can not be done. The case of In·
surance Co. v. Menefee's Ex'r, *supra*, went as far in this
direction as the court has ever gone, and in that case the
supplemental record was filed before submission. Even
upon the assumption that the transcript of evidence is
sufficiently identified by the mere recital in the order now
presented that it was approved by the court, we think the
application comes too late. In the case of Doty v. Trus·
tees, *supra*, the court, speaking through Judge Pryor,
seemed to base its action upon the ground that the error
of the clerk in making the transcript of the existing record
was not properly chargeable against the party injured
thereby, for it was there said: "While this court has al-
ways ruled that parties must look to the record before sub-
mission, and that it is too late to complete the record after
the decision here adverse to the party who ought to have
seen the record was perfect before submission, yet, in a
case like this, where service was had, and the clerk omitted
to copy it, or erred in making the copy, it seems to us the
error ought to be corrected, and therefore a rehearing
is granted and judgment affirmed." In that case appel-
lant brought the record here, and the error in that record
—a mere omission by the copyist—had resulted in a re-
versal against the appellee, who seems to have been con-

sidered as having the right to rely upon the record brought by the appellant as correct. In this case the error occurred in the court below. It prejudiced, not the appellee, but the appellant, who brought the record here, and now, after submission and judgment against appellant, it is sought to correct the error in the court below, and present the record of that correction in this court for its action. In Stanford v. Parker (Ky.) 15 S. W., 784, referred to in the opinion, where the imperfection in the record which resulted in an affirmance was the failure of the circuit judge to sign the bill of exceptions, this court, through Judge Bennett, said that "the case having been submitted on the record as it is, and a decision having been rendered thereon, it is too late now to ask for a correction." In Brewing Co. v. Seelbach (Ky.) 40 S. W., 671, (19 Ky. L. R., 375) the transcript of evidence was not copied, and an affirmance was had for that reason. After the decision, this court refused to permit a correction to be made, although it was shown by affidavit that the error was entirely an omission of the clerk. The policy of such a practice as that here sought to be sanctioned would, in our judgment, be extremely disastrous, and we have therefore reached the conclusion that we can not permit an extension of such practice beyond the limits heretofore authorized, which reach quite as far as is consistent with a reasonable degree of certainty in the practice. The petition is overruled.