### Forgy and Wells v. Rapier Sugar Feed Company.

(Decided May 6, 1921).

## Appeal from Daviess Circuit Court.

1. Appeal and Error—Bill of Exceptions.—Upon an appeal in a common law action, where there is no bill of exceptions in the transcript, there is nothing for this court to consider except whether the pleadings support the judgment.

2. Trial—Directed Verdict.—The direction by a court to the jury in a common law trial to return a verdict, is the action of the court and not of the jury, such action being upon a question of law.

3. Trial—Directed Verdict.—In the absence of affirmative action by plaintiff looking to the having of a mistrial declared when one of the jurors is sick and absent, after all the plaintiff's evidence has been heard, the court is not deprived of the power to direct a verdict.

JOHN C. DUFFY for appellants.

W. P. SANDIDGE for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Affirming.

This is an action by appellants as plaintiffs for damages to live stock caused by adulterated, manufactured food stuff, sold to them by defendant in violation, as alleged, of the pure food laws of this state.

The answer was a complete traverse of all the allegations of the petition, and on a trial the court, at the completion of the plaintiffs' evidence, upon motion of the defendant, directed the jury to return a verdict for the defendant, which was done. The plaintiffs' motion for a new trial was thereafter overruled, and this appeal is the result.

Upon a motion entered by appellee in this court the bill of exceptions has been stricken from the record, and in such circumstances there remains nothing for this court to do except to say whether the pleadings support the judgment.    Brewer v. Com., 188 Ky. 77; Tyler v. Woerner, 158 Ky. 710; Settle v. Gibson, etc., 147 Ky. 616; Bobbitt v. Blakemore, etc., 153 Ky. 170; Clark v. Wallace Oil Co., 155 Ky. 836.

It appears, however, that the day upon which the motion for a directed verdict was sustained by the trial court was the second day of the trial, and that on that day only eleven of the twelve jurors who were sworn the previous day appeared, the other juror being absent on account of sickness, and that then the plaintiffs announced that they were through with their evidence, whereupon the court, upon motion of defendant, directed the jury to return a verdict for defendant.

It does not appear that the plaintiffs asked that the swearing of the jury be set aside or that they be granted a continuance, or that anything occurred suggesting the plaintiffs' unwillingness to proceed in the absence of the one sick juror; on the contrary, the only affirmative action taken by the plaintiffs was to announce that they were through with the introduction of their evidence.

In accordance with the instructions of the court, the jury returned a verdict, and a judgment was entered thereon.

The direction by a court to a jury in a common law trial to return a verdict is the action of the court, and while the verdict returned under the peremptory orders of the court is nominally the action of the jury, it is, in

fact, a decision by the court that as a matter of law the plaintiff's evidence fails to show in him any right of recovery. A motion for a directed verdict is essentially, in its practical effect, a demurrer to the evidence, and when the court sustains such a motion, its action is really upon a question of law.

This court in Curran v. Stein, etc., 110 Ky. 99, in discussing the effect of a directed verdict, said:

"The verdict, though in form the act of the jury, is really the act of the court. The court determines the case. The verdict of the jury is merely a form of putting of record the judgment which the court has given."

In the absence of any affirmative action by the plaintiffs looking to having a mistrial declared, the absence of the sick juror after all the plaintiffs' evidence had been heard, did not deprive the court of the power to direct a verdict for the defendant and enter a judgment thereon.

The judgment is affirmed.