## Asher v. Asher.

(Decided June 3, 1924.)

### Appeal from Leslie Circuit Court.

1. Exceptions, Bill of—Bill Neither Filed Nor Signed Not Considered. —A bill of exceptions that is neither filed nor signed cannot be considered.

2. Exceptions, Bill of—Bill of Exceptions which would have been Filed if Tendered in Time Not Bystanders' Bill.—A bill of exceptions cannot be considered as a bystanders' bill, where it is apparent that if it had been tendered in time it would have been signed by judge.

3. Appeal and Error—Question on Appeal After Bill of Exceptions Stricken is Sufficiency of Pleading.—Bill of exceptions having been stricken from record, only question is whether pleadings support judgment.

L. D. LEWIS and H. C. EVERSOLE for appellant.

CLEON K. CALVERT for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

A. J. Asher brought this suit against Joe Asher to recover a small tract of land in Leslie county. Issue was joined and a trial before a jury resulted in a verdict and judgment for defendant. Plaintiff appeals.

A motion has been made to strike the bill of exceptions. The trial took place and the motion for a new trial was overruled at the February term, 1921. At the same time plaintiff was given until the fifth day of the June term to prepare and file a bill of exceptions. At the June term an agreed order was entered extending the time for

filing the bill of exceptions to the fifth day of the next term, which occurred in November. The bill was not filed at that term, but was offered at the next February term, accompanied by two affidavits in support of the motion to file, but the judge refused to approve or permit the bill to be filed on the ground that it was not tendered within the time as extended. Under our practice a bill of exceptions that is neither filed nor signed cannot be considered. Homes v. Robertson County Court, 89 S. W. 106; Louisville Bridge Co. v. Neafus, 110 Ky. 571, 62 S. W. 2, and the motion to strike will have to prevail unless the bill in the record may be considered as a bystanders' bill. This cannot be done, however, as it is apparent from the record that if the bill had been tendered in time, it would have been signed by the judge. Schneider v. Hesse, 12 S. W. 271. The motion to strike is therefore sustained.

The bill of exceptions having been stricken from the record, the only question on the appeal is whether the pleadings support the judgment. Sim v. Bishop, 177 Ky. 279, 197 S. W. 625; Forgy & Wells v. Rapier Sugar Feed Co., 191 Ky. 416, 230 S. W. 534. Of this there can be no doubt, as the case is simply one where issue was joined as to the ownership of a particular tract of land.

Judgment affirmed.