## Watkins v. Commonwealth.

April 24, 1942.

O. J. Cockrell for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Affirming.

Appellant was indicted on a charge of maliciously shooting and wounding Joe Rose, an offense denounced by Section 1166, Kentucky Statutes. Upon trial a jury found him guilty and fixed his punishment at five years' imprisonment. He is asking for a reversal on the ground that the court erred in not sustaining his motion for a directed verdict, and that the verdict of the jury was contrary to the evidence.

At the outset we are asked by counsel for the commonwealth to strike what purports to be a bill of exceptions from the record, because neither filed in time nor signed and settled by the court as provided by the Criminal Code of Practice, Section 282, which directs that "the exception shall be shown upon the record, by a bill of exceptions, prepared, settled and signed, as provided in the Court of Practice in civil cases." Sections 333 et seq., Civil Code of Practice, set out specifically the time and manner of preparing and presenting a bill of exceptions. Section 337 of the Civil Code of Practice provides that if upon presentation the judge approves the bill, he shall sign it, "and it shall be filed as part of the record, but not spread at large on the order book." From a reading of the sections mentioned it seems clear that until the tendered bill shall be approved and signed by the judge it does not become a part of the record.

There is considerable confusion in the record before us, due to the fact, as appears from the record, that the court failed to enter judgment at the time of the trial, and a good many steps had to be retraced; it is therefore difficult to conclude whether or not the purported bill was filed within the required time. It is sufficient for us to say that upon examination we find that the court did not sign the purported bill which we find, hence it could not properly have been made a part of the record. There is copied into the record an order which recites that the paper purporting to be a bill, was presented to, "approved and signed," but the paper referred to bears

418

no sort of endorsement. Here the proof is in narrative form, and in such case it would seem to us to be more highly important that the judge approve and sign the bill of exceptions.

As far back as City of Henderson v. Allen & Co., 10 Ky. Law Rep. 282, where a like situation appeared, we wrote:

> "It therefore follows that what is now claimed to be the bill of exceptions is not the bill signed by the judge, or that, notwithstanding the recital in the order, the bill was in fact not signed."

This case is cited and approved in Louisville Bridge Co. v. Neafus, 110 Ky. 571, 572, 62 S. W. 2, 63 S. W. 600, which also cites the older case of Stanaford v. Parker, 15 S. W. 784. We find no case showing a departure from the rule. On the other hand reference to Conway v. Com., 261 Ky. 721, 88 S. W. (2d) 957; Spencer v. Com., 250 Ky. 370, 63 S. W. (2d) 288, and cases cited in each, will manifest our consistent application of the Code provisions in criminal cases.

It is not contended by counsel for appellant that the indictment under which Watkins was convicted is defective, nor could it be successfully so claimed. Upon examination we find it to be sound. It follows the language of Section 1166, Kentucky Statutes, and conforms in all respects to legal requirements. Under the circumstances we must assume that the testimony was sufficient to sustain the verdict, and that the court properly instructed the jury; this being true we have naught to do but affirm the judgment, and it is so ordered.