## Douglas v. Commonwealth.

May 7, 1948.

OPINION OF THE COURT BY JUDGE LATIMER—Reversing.

Luther Douglas was indicted for the malicious shooting and wounding of Harry Monhollen. Upon trial he was convicted of shooting and wounding without malice and given a fine in the sum of $500 and jail sentence of 12 months. He appeals.

The testimony of the Commonwealth shows that the three Monhollen boys, Harry, Jack, and Carl, while walking along the highway on their way to Jellico, Tennessee, a taxi belonging to appellant, Luther Douglas,

in which there were five or six occupants, passed them and that upon approaching the boys the driver of the taxi shot a pistol out of the window three times and a moment later fired three more shots, one of which struck Harry Monhollen, a lad of eight years, in the right leg causing a flesh wound. These three boys identified the appellant by the taxi they knew he owned.

J. L. Davis, the Sheriff of Whitley County, testified that he was called to investigate an accident which occurred at Mountain Ash that same Sunday afternoon; and that when he arrived at the scene of the accident he found that the car of appellant had run into the rear of another car which had stopped at a railroad crossing.

Robert Steely of Williamsburg testified, over the objection of appellant, that on this same Sunday afternoon he was in Jellico taking pictures of the postoffice when appellant, after having driven by in an automobile, backed up and inquired of Steely what he was doing and drew a pistol on him; and that after finishing taking the pictures and while approaching his own car, appellant got out of his car and walked over and asked him where he was from and then told him to "get going."

The appellant and three of the five persons who accompanied him from Jellico to Williamsburg on this Sunday afternoon testified that they saw no boys along the highway and that no shots were fired.

Appellant is here urging reversal upon two grounds: (1) Incompetent evidence and (2) Improper argument on the part of the Commonwealth Attorney.

The incompetent evidence complained of as being extremely prejudicial to appellant was (1) that appellant drew a pistol on Robert Steely in Jellico, and (2) that appellant was required to testify during cross-examination that he had paid a fine that same day for having a blackjack concealed in his cab. In considering these complaints we must keep in mind the fact that the appellant was being tried for malicious shooting with intent to kill. The general rule concerning admission of evidence of other crimes is stated concisely in 20 Am. Jur., Evidence, Sec. 309: "A person, when placed upon trial for the commission of an offense against the criminal laws, is to be convicted, if at all, on evidence

showing his guilt of the particular offense charged in the indictment against him."

The exceptions to this rule are found in 20 Am. Jur., Evidence, Sec. 310, as follows: "Evidence of other crimes is always admissible when such evidence tends directly to establish the particular crime, and it is usually competent to prove the motive, the intent, the absence of mistake or accident, a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others, or the identity of the person charged with the commission of the crime on trial."

We must, then, look at the allegedly incompetent evidence from the standpoint of these exceptions. From the above it will be noted that evidence of other crimes is admissible if that evidence tends directly to prove the identity of the person charged with the commission of the crime on trial. Looking back over the evidence, we have a taxi owned and driven by the appellant in which there were five other occupants admittedly traveling on the same highway where the shooting occurred and on the same Sunday afternoon that the shooting occurred. The Monhollen boys testified that the shooting was done by the driver of the taxi. The taxi belonged to the appellant, who just prior to his leaving Jellico on this trip, had a gun and pointed that gun at Robert Steely. Certainly that evidence was directed toward the identity of the man doing the shooting. We cannot agree with appellant in his contention relative to this portion of the evidence.

We next come to the matter of the testimony concerning his arrest and having paid a fine for having a blackjack concealed in his car. The fact that appellant was fined for having a blackjack in his cab bore no relation whatever to the charge of malicious shooting and wounding. In the case of Avery v. Commonwealth, 223 Ky. 248, 3 S. W. 2d 624, the defendant was charged with carrying concealed a deadly weapon. On cross-examination he was asked if he were not arrested on that occasion and fined for being intoxicated. The court required him to answer over the objection of counsel. This court said that the evidence was incompetent and prejudicial and should have been excluded.

In Wireman v. Commonwealth, 203 Ky. 7, 261 S. W. 862, wherein Wireman was being prosecuted for homicide, it was held that evidence concerning the sale of moonshine at a previous time during the same day had no bearing whatsoever on the guilt or innocence of the man in the homicide prosecution, and was inadmissible.

Too frequently it happens that a finely intentioned and faithful prosecuting attorney in his zeal goes a little too far in attempting to bring evidence of other crimes which are not necessary at all to the establishment of his case. This seems to be the case here. The appellant should not have been required to testify that he was arrested and paid a fine for a separate and distinct crime on that day, and for this reason the judgment must be reversed.

Complaint is also made of improper argument. Since the case must be reversed anyway we are not saying that the remarks made by Commonwealth Attorney were prejudicial to the extent of authorizing a reversal, but we will suggest that the Commonwealth Attorney confine his argument to the facts.

For the reason stated above, the judgment is reversed.