Glennis MOORE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

April 21, 1961.

Cordell H. Martin, Hindman, D. G. Boleyn, Hazard, for appellant.

John B. Breckinridge, Atty. Gen., William A. Watson, Asst.. Atty. Gen., for appellee.

MILLIKEN, Judge.

The appellant and one Charlie Ramey were jointly indicted as having aided and abetted each other in the commission of the crime charged, which was that they shot and wounded Otis Terry on the night of November 4, 1958, doing so maliciously and with intent to kill, the wounds, however, not proving fatal. The crime charged is a statutory one, KRS 435.170(1). A jury found appellant guilty and sentenced him to two years in the state reformatory. This appeal is prosecuted by new counsel, appellant's trial counsel having died since the trial.

Appellant's brief raises two questions, but argues only one of them. He contends the indictment failed to state a public offense. However, he does not pursue this point, rather devoting his argument to the question of whether testimony by a prosecution witness concerning that witness' being shot by appellant immediately prior to the shooting of Otis Terry (with no objection being made at the time by defense counsel) should have been removed from the jury's consideration on a later motion by defense counsel. Appellant contends that the testimony of the shooting of this witness was evidence of another crime, and, therefore, should have been excluded. Failure to do so, appellant argues, amounts to trying appellant for two crimes at the same time.

The facts of the case are not at issue, but they are as follows: The victim of the shooting, Otis Terry, and his companions, Denny Combs and Burnis Combs (who was also shot), happened by the home of appellant about 9:00 p. m., on the evening of election day, November 4, 1958. Appellant's home is a small, three-room house immediately adjacent to a road going up Ball Branch in Knott County. The night was dark, the only apparent light coming from a single bulb inside appellant's home. Otis Terry and the two Combs men claim they were passing appellant's house, sober and unarmed, when Burnis Combs called out, "Hello, Glennis," to the appellant. They were on the edge of the road at that time, they claimed, and they said at the speaking of these words the appellant opened his door and fired two shots from a single-shot shotgun, wounding Burnis Combs and Otis Terry, the latter so seriously that he is partially paralyzed. A neighbor of appellant testified that her house is close enough to appellant's that

she can hear conversation there, and she said she was awake on the night in question and heard no real commotion until after the shooting.

Conflicting with this picture of the incident was testimony offered by the defense to the effect that Charlie Ramey did the shooting in defense of himself and the others in the house, after much shouting and cursing by the Combs brothers and Otis Terry, the essence of which is alleged to have been that these men threatened to come into the house and kill everyone there. Defense witnesses testified these men were all drunk and that one of them had a sawed off shotgun. Thus, the testimony of what actually happened was conflicting, although it was indicated that there had been previous trouble between appellant and one of the Combs boys. In any event, the jury accepted the Commonwealth's evidence as representing the true facts of the case and found appellant guilty.

The indictment follows the statute, and adequately notified the appellant of the offense charged. Watkins v. Commonwealth, 290 Ky. 416, 161 S.W.2d 625.

The witness Burnis Combs, the first man shot, testified that the appellant was the man who shot him. This contradicted the defense contention that it was Charlie Ramey, not the appellant, who had done the shooting of both Burnis Combs and—a few seconds later—of the appellant; it tended to identify the person who did the shooting and was thus admissible. Douglas v. Commonwealth, 307 Ky. 391, 211 S.W.2d 156. There was no objection made to this evidence at the time it was admitted, so no error in this respect was reserved for our consideration on this appeal. Furthermore, the trial court was under no affirmative duty to admonish the jury to consider the evidence of the shooting of Combs only for the purpose of identifying the person who shot Otis Terry, because no objection and no request for such an admonition was made at the time.

The judgment is affirmed.