**Larry SNELL, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 27, 1967.

Howell W. Vincent, Joseph C. Healy, Covington, for appellant.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, James R. Ford, Commonwealth's Atty., Owenton, for appellee.

STEINFELD, Judge.

Larry Snell and Grace Reece were indicted on a charge that "on or about the 28th day of June 1966, in Owen County, Kentucky, (they) wilfully and maliciously threw stones, dangerous or deadly missles, at and into a storehouse, to-wit: The News Herald Building, a building where people frequent for business." KRS 435.170(4). The Commonwealth elected to try Larry Snell separately. He was found guilty and the jury set his fine at $2,000.00. From a judgment upholding the verdict and assessing that fine Snell has appealed. We affirm.

Appellant complains that the court erred in failing "to instruct on the whole law of the case", in "failing to instruct on what constituted a dangerous or felonious missle" and "in failing to instruct or define on what constituted a stone or dangerous or deadly missle."

RCA 1.210(a) 3 provides that the brief of the appellant shall contain:

"A 'STATEMENT OF THE CASE', which shall include (a) a statement of the nature of the proceeding and (b) a concise chronological statement, in narrative form, of the essential facts necessary to determine the questions in controversy, with appropriate page references to the record and the transcript of testimony."

Appellant contents himself with the following statement of facts:

"The evidence of the appellant is: that he did not throw a stone or stones into the News Herald Building, a building where people frequent for business. The evidence was disclosed that he did roll a stone on the floor into the herein business establishment to which there was a twenty dollar bill attached as set out in the Transcript of Testimony of Mildred Lynn Smith, page 80, which was that the twenty dollar bill was to be used in the payment for an ad."

Nowhere else is there any statement of fact "necessary to determine the questions in controversy, with appropriate page references to the record and the transcript of testimony." We have examined page 80 of the transcript of testimony to find what Mildred Lynn Smith stated. It reveals that she said that she was an employee of the Tax Commissioner's Office in the Court House and that she was sitting at her desk from which she could see out through the window in the direction of the News Herald Building. Nothing more is found on page 80 of the transcript of testimony. We have carefully examined the remainder of the testimony of Mildred Lynn Smith and find that she said nothing similar to the statement quoted from appellant's brief.

■ The only contention for reversal is that the instructions are erroneous. The propriety of the instructions must always be determined by facts in the particular case. Stanleys Instructions to Juries, Vol. I, page 3 § 2. The failure of appellant to comply with RCA 1.210 leaves this court without the statement of essential facts and references necessary for it to give proper consideration to this sole contention. Grief v. Wood, Ky., 378 S.W.2d 611 (1964). To warrant a reversal of a judgment of conviction, error must affirmatively appear in the record and this error must show that substantial rights of the defendants have been prejudiced. Hunt v. Commonwealth, 240 Ky. 293, 42 S.W.2d 315 (1931); Page, et al. v. Commonwealth, 202 Ky. 50, 258 S.W. 958 (1924). Every presumption is in favor of the regularity of the trial. Allen v. Commonwealth, 272 Ky. 533, 114 S.W.2d 757 (1938). The transcript of testimony is contained in two volumes on a total of 152 pages. We are not required to, and generally will not, search an entire record for the purpose of determining whether or not a contention of a litigant should be sustained. Garvey v. Garvey, 156 Ky. 664, 161 S.W. 526 (1913). The burden is on the parties and not the court. Jones v. Jones, 305 Ky. 5, 202 S.W.2d 746 (1947); Center v. Stamper, Ky., 318 S.W.2d 853 (1958).

■ From what was called to our attention we are not convinced that the instructions were improper. "Under the circumstances we must assume * * * that the court properly instructed the jury; * * *". Watkins v. Commonwealth, 290 Ky. 416, 161 S.W.2d 625 (1942).

The judgment is affirmed.

All concur.