**Leonard Charles OWENS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 28, 1968.

**326**

H. K. Spear, Fritz Krueger, Somerset, for appellant.

John B. Breckinridge, Atty. Gen., Curran Clem, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

Leonard Charles Owens was convicted of voluntary manslaughter and sentenced to imprisonment for twenty-one years for slaying Lonnie Green Marcum on September 8, 1967. Owens was defended by court-appointed counsel who have perfected this appeal for him, asserting (1) that the court erred in failing to admonish the jury as to the effect of impeachment testimony and (2) that the instructions given were erroneous.

Owens admitted shooting Marcum but claimed that the fatal shot was fired accidentally while defending himself from an unprovoked assault made on him by one Carroll McGlammer. He does not contend that he shot at McGlammer but that the gun went off in some unexplained manner. The evidence for the Commonwealth tended to show that Owens deliberately shot Marcum through the heart and that no accidental factor could have caused the homicide.

This tragedy occurred at the home of Owens' father, and it appears that all of the persons assembled at that place were more or less inebriated, the extent and degree of intoxication of the four or five persons present being somewhat at issue.

The prime witness supporting appellant's theory in the case was Paul Jones. After Jones had given exculpatory testimony for appellant, the Commonwealth presented in rebuttal the sheriff and a state detective who deposed that Jones came upon the scene of the crime about half an hour after the event and told the officers that he was not present when it occurred. The court gave no admonition respecting the limited effect of the rebuttal testimony, but none was requested. In that circumstance the failure to admonish is not available as ground for reversal. Moore v. Commonwealth, Ky., 346 S.W.2d 39; White v. Commonwealth, Ky., 394 S.W.2d 770.

The challenge to the instructions presents a more serious question. The court gave the usual instructions on willful murder and voluntary manslaughter as Instructions 1 and 2, respectively, and no complaint is made of them. By the third instruction the court submitted involuntary manslaughter in the second degree as a possible grade of the offense for which appellant could be convicted. KRS 435.022(2). In submitting that proposition the court told the jury that if it believed beyond reasonable doubt that the shooting occurred "and that such shooting and death of Lonnie Marcum resulted from the unintentional and careless discharge of a pistol by [Owens] in doing an *unlawful act, such as scuffling with Carroll McGlammer,*" (emphasis added), then it should find Owens guilty of involuntary manslaughter in the second degree.

By Instruction No. 4 the court presented appellant's theory of accidental shooting which in pertinent part recited:

"* * * if the jury shall further believe from the evidence that the shooting and killing of Lonnie Marcum by [Owens] was not the unintentional and careless discharge of a pistol by him in doing an *unlawful act as set out in Instruction*

*No. 3,* then the jury should find the defendant not guilty." (Emphasis added.)

It will be seen that Instruction No. 4 incorporated by reference the language of Instruction No. 3 which characterized Owens' scuffle with McGlammer as an unlawful act. We think this was prejudicially erroneous. It will be recalled that the only defense claimed by Owens was premised on his assertion that McGlammer unprovokedly engaged Owens in the scuffle and that the shooting was an accidental outgrowth of the physical exertions of Owens in resisting McGlammer's attack on him. When the trial court specifically labeled the scuffle with McGlammer as an "unlawful act" appellant had no theory of defense presented by the instruction. It is fundamental that Owens had the right of self-defense against the claimed aggression of McGlammer. If the jury believed appellant's evidence, the scuffle with McGlammer was not an unlawful act, although the court peremptorily instructed the jury that it was. We are unable to accept the Commonwealth's contention that the alleged scuffle between appellant and McGlammer was a violation of KRS 437.-010, denouncing breach of peace, riot, rout, unlawful assembly, and affray. In 12 Am.Jur.2d, Breach of Peace, Etc., Section 23, Page 681, it is written:

> "Of course, as in every criminal case, self-defense may be justification of an affray, provided that the defendant did not provoke the fight which was the basis of the prosecution."

If the evidence is the same upon another trial, the theory of appellant's defense should be presented to the jury substantially in the language set out in Stanley's Instructions to Juries, Section 883(3), Page 183.

Upon the basis of the evidence in the present record, we believe that no instruction should have been given on involuntary manslaughter, either of the first or second degree, as defined in KRS 435.022. Cf. Hemphill v. Commonwealth Ky., 379 S.W.

2d 223. If the evidence is the same upon another trial, the issues will be submitted as to willful murder, voluntary manslaughter, and accidental shooting.

The judgment is reversed for proceedings consistent with the opinion.

All concur.