CASE 29—PETITION ORDINARY—JANUARY 26.

# Licking Rolling Mill Co. v. Fischer, &c.

### APPEAL FROM KENTON CIRCUIT COURT.

1. APPEALS—PRESUMPTIONS.—This court will presume, unless the contrary appears, that the lower court committed no error in its instructions to the jury, and, therefore, that pleadings not copied into the record, but which were before the lower court, authorized the instructions given.

2. SAME—JURISDICTION.—As the appellee's claim was not sufficient to give this court jurisdiction of the appeal, it is a serious question whether a counter-claim of $4,000 pleaded by appellant, which there was no evidence whatever tending to prove, is sufficient to give this court jurisdiction of the whole case, but as the court is not now ready to pass on the question, it will not deny the appellant a hearing.

J. F. & C. H. FISK FOR APPELLANT.

1. The amount in controversy upon this appeal is $5,700, and, therefore this court has jurisdiction.

2. The peremptory instruction asked by appellant should have been given. The trespass was not the immediate or proximate cause of the fire. The flood was an "act of God," for which no one can be held responsible.

3. The court has no right to give an instruction to which all parties object.

4. There was no question of negligence in the case, and the court erred in submitting a case of negligence.

5. This court is not bound by the decision of the Superior Court upon the former appeal; it must act independently and *de novo*.

6. The master is not liable for the willful act of the servant, unless he directed the act to be committed.

7. The admission of appellant's articles of incorporation as evidence was a prejudicial error.

HALLAM & MYERS OF COUNSEL ON SAME SIDE.

CLEARY & HAMILTON FOR APPELLEES.

1. The counter-claim was a sham pleading, and should not be considered in determining the amount in controversy; therefore, the Superior Court, and not this court, has jurisdiction of this appeal.

2. The judgment of the Superior court was not appealed from, and stands as the law of this case.

3. Everyone who does an unlawful act is regarded as the doer of whatever follows, and liable for all the consequences which flow therefrom, notwithstanding the final result might have been prevented by the care and skill of the person injured. (Wait's Actions and Defenses, vol. 6, p. 47, sec. 7; Dickinson v. Boyle, 17 Pick., 78.)

4. When an agent, in the course of his employment, commits a trespass, his principal is liable, notwithstanding he did not know of, or authorize, the wrongful act, or even though he forbade it. (Wait's Actions and Defenses, vol. 7, p. 55, sec. 7.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

This case was once before the Superior Court by appeal by this appellant from a verdict of a jury and judgment thereon, for two thousand dollars in favor of the appellees. The case was reversed, not upon its merits, and sent back for another trial, which was had, and which resulted in a verdict and judgment thereon for seventeen hundred dollars in favor of the appellees. The case is now in this court by an appeal by the appellant.

Appellees' amended petition alleges in substance that they leased from the appellant a lot of ground situated in the city of Covington, for a term of years, commencing on the —— day of January, 1879, and ending on the —— day of March 1883; that said land was to be used by the appellees in carrying on a coal and coke business; that the appellees had the right, at any time during their lease, to erect buildings, etc., on the leased ground, which were to belong to them during the lease, and afterward, provided the same were removed from the said land within thirty days after the expiration of the lease; that during the lease, they erected on said land, coal-bins and chutes worth two thousand dollars; that the appellee, by its employes, wrongfully placed a quantity of unslacked lime on the ground

un.ler said bins and chutes; that said lime, while it
was at the place where it was thus wrongfully placed,
was caused to generate heat by being flooded by the
Licking river, which heat was communicated to the
appellees' bins and chutes, whereby they were fired
and consumed. The appellant, by its amended an-
swers, traversed the appellees' allegations as to the
lease, the erection of the bins and chutes, the wrongful
placing of the lime under the bins and chutes, or the
destruction of the bins and chutes by fire, caused by
the overflowing water from the Licking river mixing
with said lime. The appellant, as a counter-claim,
alleged that the bins and chutes were fired by the neg-
ligence of the appellees, which fire was communicated
to the appellant's coal elevator, which was situated on
said leased premises, and adjoining the bins and
chutes; that said fire destroyed the said elevator,
whereby the appellant was damaged in the sum of
four thousand dollars. The allegations as to the
counter-claim were traversed.

The lower court refused the instructions asked for
by the appellant and appellees, and gave seven of its
own, to some of which the appellees objected, to all
of which the appellant objected. The appellant, while
objecting to all the instructions given by the court,
particularly objects to instruction No. 4. The amended
petition copied in the record complains of a tort, not
of a breach of contract by the appellant. The objec-
tion urged against instruction No. 4 is, that if the ap-
pellant was licensed by the appellees to use said ground
for general purposes, or for the specific purpose of stor-
ing its lime, and by the gross carelessness or negligence

of its employes, the lime, being stored under said bins and chutes, was permitted to come in contact with the high water, whereby fire ensued and the buildings were burned, then the jury should find for the appellees.

We do not mean to say that this instruction was wrong, but we mean to say that if the appellant's contention be correct, we must presume that the lower court, unless the contrary appears, committed no error, and that the pleadings, not copied, but which were before the lower court, authorized the said instruction. The court's instructions in reference to the tortious conduct of the appellant's employes were correct.

Upon the subject as to whether or not the buildings were fired by the heat generated by the unslacked lime coming in contact with the high water from the Licking river, there was proof, pro and con; the jury found upon that subject, and we can not disturb their verdict. The lower court peremptorily instructed the jury to find for the appellees in reference to the appellant's counter-claim. There was not a scintilla of proof before the jury that tended to show that the buildings were fired and burned by the negligence of the appellees, or either of them. The appellees' claim is not sufficient in amount to give this court jurisdiction, so the question which the appellees make is, does the fact that the appellant claimed in his counter-claim four thousand dollars, which was wholly unsustained by the proof, give this court jurisdiction of the whole case? Upon appellant's appeal as to its counter-claim, the question to be determined is not as to the weight of the evidence, but as to whether there was any evidence, whatever, tending to prove the counter-claim.

So, it will be seen at a glance that the question is a serious one; but as we are not quite ready to pass upon the question now, we will not deny the appellant a hearing.

But for the reasons above assigned the judgment of the lower court is affirmed.