## National Council Daughters of America v. Polsgrove.

(Decided October 14, 1921.)

### Appeal from Franklin Circuit Court.

1. Appeal and Error—New Trial—Pleadings.—A motion for a new trial is necessary in an ordinary action when tried by the court without the intervention of a jury, as is also a request for a separation of law and facts by the court where the facts are not agreed to in a stipulation; and in the absence of a motion for a new trial the only question before this court on appeal is whether the pleadings sustain the judgment and there is any evidence supporting it.

2. Appeal and Error—Bill of Exceptions.—A bill of exceptions must be filed in the trial court by an order of court to that effect, and unless it appears from the record that it was so filed the pur-

ported bill of exceptions inserted in the transcript will not be considered as a part thereof.

LESLIE W. MORRIS for appellant.

JAS. H. POLSGROVE and HAMILTON & POLSGROVE for appellee.

Opinion of the Court by Judge Thomas—Overruling motion for an appeal and affirming judgment.

The appellee and plaintiff below, O. B. Polsgrove, upon a trial of this action before the circuit judge, a jury having been waived, recovered a judgment against appellant and defendant below, National Council Daughters of America, for the sum of $250.00, and complaining of that judgment the transcript of the record has been filed in this court by defendant with a motion for an appeal. There was no request for a separation of law and facts by the court and none was made. There was no motion for a new trial, which is required in such cases, and the only question before us is whether the pleadings sustain the judgment. Helm v. Coffey, 88 Ky. 176; Henderson v. Dupree, 82 Ky. 678; Albin Co. v. Ellinger, 103 Ky. 240; Harper v. Harper, 10 Bush 447; McAllister v. Insurance Co., 78 Ky. 531; Owensboro Railroad Co. v. Barker, 15 Ky. L. R. 175, and Beeler v. Sandidge, 20 Ky. L. R. 1580.

The Helm and Henderson cases and the case of Roberts Cotton Oil Co. v. Dodds & Johnson, 163 Ky. 695, also hold that, "In the absence of a motion and grounds for a new trial, nothing is brought to this court for review on appeal except the inquiry as to whether the pleadings state any cause of action or any defense, and whether the evidence heard and properly presented by bill authorize the judgment." And in the case of C., N. O. & T. P. Ry. Co. v. Hansford, 30 Ky. L. R. 1105, it is said: "If there is nothing in the record to sustain the judgment, then, on the face of the record, the judgment is unwarranted, and should not be permitted to stand, although there is no motion for new trial." Under the latter rule we might look to the bill of evidence in this case to see whether there was any testimony to support the judgment, and if none, reverse it as being wholly unwarranted, although there was no motion for a new trial. We are prevented, however, from doing so because there is neither a bill of exceptions nor a bill of evidence in the record. There is a document in the record marked "transcript of evi-

dence,'' in which appears the examination and cross-examination of witnesses, but it was never filed in the court below, nor does it even bear the endorsement or memorandum of the circuit court clerk as having been filed in that court.   It appears to have been filed for the first time in this court, after the record was lodged with the clerk.   The bill of exceptions, to properly be made a part of the record, must be filed in the trial court within the time prescribed by law, and this fact must be shown by order of court.   Padget v. Mays, 2 Ky. L. R. 213, 11 Ky. Opinions, 24; Spitzelberger v. S. C. & C. St. Ry. Co., 189 Ky. 493, and Board of Council of the City of Frankfort v. Fidelity and Guaranty Co. of New York, idem 725.

The only question, then, presented by the record, is whether the pleadings sustain the judgment, and there being no doubt concerning this proposition the motion for an appeal must be, and it is, overruled, and the judgment is affirmed.