## Yates v. Stevenson.

(Decided November 25, 1921.)

Appeal from Kenton Circuit Court
(Criminal, Common Law and Equity Division).

Appeal and Error—Pleading.—Where the record on appeal contains no bill of exceptions nor any of the evidence heard on the trial, the only question for consideration is whether the pleadings are sufficient to sustain the judgment, and if they are the judgment will be affirmed.

JOHN B. O'NEAL for appellant.

No brief for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This is a malpractice suit by which plaintiff and appellee Louise Stevenson sought to recover $25,000.00 in damages for alleged malpractices upon her by defendant and appellant, Dr. S. Annie Yates.

At the close of plaintiff's testimony on the first trial the court sustained defendant's motion for a peremptory instruction, and from the judgment rendered on the verdict so directed plaintiff appealed to this court, and the judgment was reversed by an opinion reported in 183 Ky. 196. In that opinion will be found stated the grounds upon which plaintiff in her petition based her cause of action, and it also contains a statement of plaintiff's evidence heard upon that trial in support of those grounds. We will not repeat the facts, relied on for recovery, in this opinion, since they may be obtained from the opinion on the first appeal of the case to which reference is made.

After the filing of the mandate from this court there was another trial in which plaintiff recovered judgment for $1,500.00, but defendant's motion for a new trial was

sustained and that verdict was set aside. Another trial resulted in a verdict in favor of plaintiff for the sum of $2,000.00, and it is from the judgment rendered on that verdict that this appeal is prosecuted.

No brief has been filed for appellee and only a very short one was filed for appellant, and in it counsel insists that the verdict is flagrantly against the evidence. We are prevented, however, from determining that question, since the record contains no bill of exceptions nor any transcript of the evidence heard on the trial. No rule of practice is better settled, nor more uniformly observed, than the one preventing us from reviewing any alleged errors at the trial, in the absence of a bill of exceptions or the evidence heard upon the trial, except those relating to the sufficiency of the pleadings to sustain the judgment. By an unbroken line of opinions from this court, it has been held that, "In the absence of a bill of exceptions, the only question presented on appeal is whether the pleadings support the judgment." Settle v. Gibson, 147 Ky. 616; Bobbitt v. Blakemore, 153 Ky. 170; Combs v. Combs, 175 Ky. 523; City of Pikeville v. Dils, idem 697; Leslie v. Hoskins, idem 821; Sim v. Bishop, 177 Ky. 279; City of Jackson v. Moody, idem 844, and National Council Daughters of America v. Polsgrove, 192 Ky. 495.

That the pleadings in this case are sufficient to sustain the judgment is not disputed, but if their sufficiency was questioned, it would have to be overruled, since an examination of them is convincing and leaves no doubt upon the subject. Moreover the former opinion, impliedly at least, held the pleadings sufficient and the parties are bound thereby under the "law of the case" rule.

There is, therefore, no alternative open to us but to affirm the judgment with damages, it having been superseded, which is accordingly done.