## Martin v. White.

(Decided February 3, 1922.)

### Appeal from Gallatin Circuit Court.

1. Appeal and Error—Absence of Bill of Exceptions—Pleading.—In the absence of a bill of exceptions showing what testimony was introduced on the trial in the circuit court, the only question for decision in this court is that of whether the pleadings support the judgment.

2. Appeal and Error—Pleading—Amendments.—Even if it was error for the trial court to permit an amended answer to be filed, that error cannot be considered prejudicial on this appeal, in view of the fact that from the record as made up it cannot be ascertained whether any testimony was introduced in support of the allegations of the amendment.

JAMES H. SETTLE far appellant.

R. B. BROWN and J. W. CAMMACK for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

This is the second appeal in this case. The opinion on the first appeal is reported in 188 Ky. 153. On that appeal the judgment was reversed and the cause remanded for error committed by the trial court in sustaining a demurrer to the petition.

Thereafter on the trial of the case in the circuit court the jury returned a verdict for defendant and judgment was rendered thereon. That judgment is complained of here, on the ground that the trial court erred in permitting appellee to file an amended answer, alleging that appellant was the wife of Charles Dailey at the times complained of in the petition, though she was then living with William Martin, as his wife; and also because of the admission of incompetent testimony in support of the allegations made.

There is copied into the record on this appeal what purports to be two depositions, but they cannot be considered since there was no bill of exceptions filed in the court below, although the record shows that time was allowed for filing a bill and that oral evidence was heard on the trial. As the record is made up it cannot be ascertained whether any testimony was introduced in support of the allegations of the amended answer complained of, and it is not assumable that such testimony was introduced; consequently it is impossible to determine on this appeal whether the filing of the amendment affected the judgment. As to the correctness of the ruling in that respect we do not express an opinion, but it may be stated that if it was improper, unless the allegations of the amendment were supported by some testimony, the error would be harmless. Furthermore, if it be admitted as argued, that the amendment constitutes an inconsistent plea and was erroneously filed, there was no motion for

an election as between the two pleadings and it is now too late to complain of the error.

In the absence of a bill of exceptions, showing what testimony was introduced on the trial, the only question for decision here is that of whether the pleadings support the judgment. (Western Assurance Co. v. Rector, 85 Ky. 295; Ruhrwein v. Gebhart, 90 Ky. 147; Witt v. L. & E. R. R. Co., 158 Ky. 401; Roberts Cotton Oil Co. v. Dodds-Johnston, 163 Ky. 695; National Council Daughters of America v. Polsgrove, 192 Ky. 495; Yates v. Stevenson, 193 Ky. 37.)

Every material allegation of the petition was denied by answer, and it must, therefore, be held that the pleadings are sufficient to support the verdict and the judgment rendered thereon.

The judgment is affirmed.