### Harponola Company v. Conkin.

(Decided November 28, 1924.)

### Appeal from Warren Circuit Court.

1.  Bills and Notes—Possession of Note Payable to Order, Without Proper Indorsement, is Not Prima Facie Evidence of Ownership—Indorsement and Delivery Must be Proven.—Where plaintiff's allegation that payee indorsed and delivered note to him is denied, he must prove such indorsement, and mere possession of note payable to order, without proper indorsement, is not prima facie evidence of ownership, either as against payee or maker.

2.  Evidence—Judgment Dismissing Petition Held Supported by Pleadings, in Absence of Evidence.—Where pleadings raised issues as to whether note had been indorsed, as claimed by plain-

tiff, and whether party indorsing owned note, burden of proof was upon plaintiff, and, in absence of evidence judgment dismissing petition was supported by pleadings.

BYRON RENFREW for appellant.

GAINES & GARDNER for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

In this case, this court, on November 2, 1923, struck from the record herein the bill of exceptions. That being true, the only question now left for this court to consider is whether or not the pleadings support the judgment which dismissed appellant's petition. Forgy and Wells v. Rapier Sugar Feed Company, 191 Ky. 416; Martin v. White, 193 Ky. 610.

In its petition, the appellant sued on a promissory note, averring that it was the owner of said note in due course for a valuable consideration. The note was filed as an exhibit and disclosed that it was payable to one "A. H. Mann" and indorsed on the back in blank by "The Peerless Talking Machine Company." The original answer pleaded that the appellant was not the owner in due course for a valuable consideration, or for any consideration of said note, and also interposed a plea of fraud. The other pleadings, consisting of amended petition, amended answer, reply and rejoinder, are somewhat confusing, but an analysis of them, as finally completed, discloses that the appellant claimed to be the holder in due course of the note sued on; that the indorser of said note, to-wit, the Peerless Talking Machine Company, was a partnership composed of A. H. Mann, the payee of said note, and others; that the note was made payable to said Mann solely as secretary of and for the use and benefit of the Peerless Talking Machine Company; that the indorsement of said company was made by Mann as its secretary, and that the note, prior to its said indorsement, was the property of said company, though taken in the name of Mann as one of the partners. The fraud alleged in the answer and amended answer was also denied. *Per contra,* the appellee, in addition to his plea of fraud, denied that Mann ever signed or indorsed the note to the appellant, or that it was ever indorsed by Mann, or that the note was ever the property of the Peer-

less Talking Machine Company or of any one except Mann, or that the note was made payable to Mann solely, or at all, as the secretary, or for the use and benefit of said company, or that the note was ever indorsed by the Peerless Talking Machine Company.

Where a plaintiff, in a suit on a note of which he claims to be the holder in due course, alleges that the payee indorsed and delivered the note to him, and there is a general denial, such plaintiff must prove the indorsement. Brannon on Negotiable Instruments, 3rd ed., pp. 156-7-8. The mere possession of a note payable to order, without a proper indorsement, is not *prima facie* evidence of ownership, either as against the payee or the maker. See Karsner v. Cooper, 195 Ky. 8.

Whether or not Mann received the note here sued on as the secretary of the Peerless Talking Machine Company, whether or not the said company was ever the owner of said note, and whether or not the said note was ever indorsed either by Mann or by the Peerless Talking Machine Company were issues presented by the pleadings. This being true, the burden of proof as to these issues was on the plaintiff, and, in the absence of evidence a judgment dismissing the petition was supported by the pleadings.

It is therefore adjudged that the judgment of the lower court be affirmed.

Judgment affirmed.