## Lundy v. Hunt.

(Decided October 27, 1925.)

### Appeal from Pike Circuit Court.

1. Exceptions, Bill of—Purported Bill of Exceptions Held Ineffectual. —Paper approved by circuit judge, and purporting to be bill of exceptions, which referred to depositions, and contained transcript of depositions without identifying them as being ones used at trial, and not showing exception was taken to court's ruling during trial, held ineffectual for any purpose.

2. Appeal and Error—Motion for New Trial Necessary to Bring Before Supreme Court Alleged Error in Peremptory Instruction.— Motion for new trial is necessary to bring before Supreme Court alleged error in giving peremptory instruction.

3.   Appeal and Error—Judgment Affirmed, where Supreme Court
     Without Matter to Consider Except Pleadings which Support
     Judgment.—Where, in absence of motion and ground for new trial
     and of bill of exceptions, there is nothing for the Supreme Court
     to consider except pleadings which support judgment, it will be
     affirmed.

W. G. W. RIDDLE for appellant.

J. C. CANTRELL for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

This is a forcible detainer proceeding begun in September, 1921, by James Lundy against Perry Hunt in a justice's court in Pike county. An inquisition was regularly held by the justice and a verdict of guilty returned against Hunt by the jury, whereupon Hunt executed bond and traversed the inquisition. The original papers were transferred to the circuit court but were inadvertently "filed away" without the case being docketed and nothing was done until the spring of 1924, when on motion of Lundy the case was dismissed for want of prosecution. That judgment was afterward set aside and the case continued to the July term, at which time a jury trial was had, and a directed verdict of "not guilty" was returned by the jury.

No motion for a new trial was filed, nor does the record disclose any order of court filing or tendering a bill of exceptions. There is in the record, however, a paper approved by the circuit judge and purporting to be such a bill. It refers to certain depositions as being read and contains a transcript of depositions without identifying them as being the ones used in the trial, nor does it show any exception was taken to any ruling of the court during the progress of the trial. Such a paper is ineffectual for any purpose.

A motion for a new trial is necessary in order to bring before this court the alleged error in giving a peremptory instruction, and in the absence of such a motion this court will not consider that ground. Kettler v. Slaughter, 21 Rep. 1937.

Again, in the absence of a motion and grounds for a new trial and of a bill of exceptions, there is nothing for the court to consider except the pleadings in the case, and these support the judgment, which is accordingly affirmed.