## Patrick v. Commonwealth.

(Decided March 12, 1926.)

### Appeal from Magoffin Circuit Court.

1. Criminal Law—Only Sufficiency of Indictment is Before Appellate Court, where Bill of Exceptions and Bills of Evidence were Not Filed by Order of Court (Ky. Stats., Section 4644).—Where, on appeal in prosecution for murder, there was no order of court in record made by clerk, filing what purported to be bill of exceptions, which contained purported instructions of court, and in which reference was made to bill of evidence, only question before court was sufficiency of indictment, in view of Ky. Stats., section 4644.

2. Criminal Law—Where Offer to File Bill of Exceptions was Never Acted on, Reference to Bill of Evidence Contained Therein Held Insufficient to Make Evidence Part of Record on Appeal.—Statement in purported and tendered bill of exceptions referring to bill of evidence held insufficient to make evidence part of record for

consideration of appellate court, where record did not show that offer to file bill of exceptions was ever acted on.

H. H. RAMEY and W. R. PRATER for appellant.

FRANK E. DAUGHERTY, Attorney General, A. F. BYRD and CALLOWAY HOWARD for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant and defendant below, Bennie Patrick, was tried in the Magoffin circuit court under an indictment charging him with murdering his wife, Dora Patrick, with an axe, and was convicted by the jury of the offense of voluntary manslaughter and his punishment fixed at confinement in the penitentiary for 21 years. From the judgment pronounced on the verdict, after his motion for a new trial was overruled, he prosecutes this appeal, urging through his counsel as grounds for reversal, (1) the refusal of the court to sustain his motion for a peremptory instruction finding him not guilty, and (2), the failure of the court to give to the jury the whole law of the case, and under which ground it is argued that the instructions which the court did give were erroneous. We have concluded, however, that neither of those questions are presented for our consideration by the record filed in this court, and to that question we will first address ourselves.

Section 4644 of our present statutes, which is a part of the act relating to court stenographers and their preparation and filing of the evidence transcribed by them and heard at a trial, says: "Any of said transcripts of testimony made by such reporter, as aforesaid, when attested by the judge before whom the trial was had, may be taken without being copied, to the Court of Appeals, to be used upon an appeal, and thereafter returned to the court in which it was made." It will be observed that the statute requires that the transcript of the testimony as made by the stenographer shall be "attested by the judge before whom the trial was had," which was for the purpose of giving it verity so as to be considered by this court on appeal of the case. Construing that section we held in the cases of Louisville Bridge Co. v. Neafus, 110 Ky. 571; Mann v. Moore, 112 Ky. 725; McNeal's Admr. v. Norfolk and Western Railroad Company, 185 Ky. 197, and numerous others, some of which are much

later than the last cited one, that the bill of evidence if not attested or approved by the judge who tried the case can not be considered on appeal, and that one so unsigned is no bill of evidence at all.

In the Mann case, *supra,* where the record was in practically the same condition as the instant one (except in that case the stenographer did certify to the correctness of his transcript, while in this one such certification was not made), in passing on the sufficiency of the transcript of the evidence after referring to the section of the statute *supra,* we said: "It will be seen from the foregoing section that, in order to authorize such a transcript of testimony as the one under consideration to be used as part of the record in an appeal to this court, such copy or transcript of the evidence must be attested by the judge who presided at the trial; and we are not aware of any rule of law by which we are authorized to dispense with such attestation, or authorized to consider any such transcript of evidence, unless the same be attested as required by the section *supra.* It is true that the transcript in question appears to be signed by the official stenographer (which was not done in this case), and also indorsed 'Filed' by the clerk; and a transcript of the testimony in this case is evidently referred to by the orders of the court, as well as mentioned in the bill of exceptions. Nevertheless the paper now in question has never been attested by the judge who presided at the trial, and, in the absence of such attestation, we can not treat the transcript as part of the record in this case."

In the Neafus case the opinion, in disposing of the same question of practice, said: "The order proceeds: 'Thereupon came the defendant, and tendered its bill of exceptions herein, which was examined, approved, and signed, and ordered to be filed as part of the record herein, and thereupon the defendant prayed an appeal,' etc. The transcript of testimony, upon examination, does not appear to be attested or identified by the trial judge. . . . This transcript of testimony is not before this court except as a part of what is called a 'bill of exceptions,' while the order recites that the bill of exceptions which was presented to the court was signed and approved, what is copied as a bill of exceptions in this record does not appear to be either dated or signed by the judge," and it was held that the recitation in the court's order that the bill of exceptions was signed by

the judge was contradicted by the unsigned bill and it could not be considered on appeal, since, as held in the McNeal case, an unsigned bill was the same as none at all.

Furthermore, we held in the cases of National Council Daughters of America v. Polsgrove, 192 Ky. 495; Yates v. Stevenson, 193 Ky. 37, and a number of others preceding and following them, that a bill of exceptions or bill of evidence in order to properly become a part of the record must be filed by an order of court, and if not done it would not be considered on appeal. There is no order of court in the record made by the clerk in this case filing what purports to be the bill of *exceptions*, and in which reference is made to the bill of *evidence*. The only order we find in the record relating to the filing of the bill of exceptions or the transcript of the evidence, says: "Come defendant by counsel and tendered and offered to file bill of exceptions, and stenographer's transcript of evidence and copy therein," which is followed by the insertion in the record by the clerk of what purports to be the bill of exceptions. Nowhere in the record does it appear that the offer of defendant to file his bill of exceptions, which he so tendered as the clerk recites, was ever acted on, except in a statement contained in the purported and tendered bill of exceptions, and which, as we have seen, refers to the bill of evidence; but which reference alone is not sufficient to make the evidence a part of the record for consideration by this court. See cases *supra*.

What purports to be the instructions given by the court is also contained in the tendered bill of exceptions, but which, as we have seen, was itself never filed by an order of court. The same instructions are also copied in what purports to be the bill of evidence, but which was neither certified by the clerk or endorsed by the judge. It is clear, therefore, under our former holdings, as contained in the cases, *supra*, and others, the only question before us on this appeal is the sufficiency of the indictment. See also Tipton v. Commonwealth, 207 Ky. 685. It is in strict conformity with the required practice, and, indeed, is not questioned, which leaves nothing for us to do but affirm the judgment.

However, to relieve defendant and his counsel from any regrets that may be entertained because of the failure to properly present the case on this appeal we will add that we have examined the instructions purported

to have been given by the court, as well as read all of the purported evidence heard on the trial, and if all those matters were presented in a manner to be considered by us the result would be the same, since the purported instructions are substantially correct, and what is claimed to be the evidence is more than sufficient to sustain the verdict, and indeed, it is sufficient to have sustained a much more severe one, and neither the defendant nor his counsel need entertain any apprehension that he suffered or was in any wise prejudiced by the failure to properly prepare the record so as to present all the grounds relied on for a reversal; for if it had been done it would not have altered the result.

Wherefore, the judgment is affirmed.