## Mann v. Commonwealth.

(Decided November 16, 1928.)

### Appeal from Breathitt Circuit Court.

1. Criminal Law.—In absence of bill of exceptions and court order filing stenographer's purported transcript of evidence, only question presented by appeal from judgment of conviction is sufficiency of indictment to support judgment, under Criminal Code of Practice, sec. 335, though volume of transcript claimed to contain evidence was filed by clerk after term at which trial was had.

2. Homicide.—Evidence held sufficient to sustain conviction of voluntary manslaughter.

3. Criminal Law.—Where one of two witnesses, for whose absence continuance was sought, was only a character witness, whose testimony was merely cumulative, and other witness' testimony, set out in affidavit read to jury, which was cautioned to accept such testimony as if given by witness personally, was substantially same as that of other witnesses for defendant, defendant was not prejudiced by refusal of continuance.

4. Criminal Law.—That only rear halves of garments, severed into parts in removing them from body of decedent, shot in back, because of rigor mortis having set in, were introduced in evidence, held not objectionable, where front parts were not penetrated by

any bullet, and parts exhibited were shown to be in identical condition as when removed from body.

LEEBERN ALLEN, F. T. ALLEN and CLAY WATKINS for appellant.

J. W. CAMMACK, Attorney General, and A. FLOYD BYRD for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

At his trial in the Breathitt circuit court under an indictment charging him with willful murder, appellant, George Mann, was convicted of voluntary manslaughter, and sentenced to confinement in the state penitentiary for a period of five years. To reverse the judgment pronounced on the verdict he prosecutes this appeal. The grounds urged for reversal in brief of his counsel are (1) error of the court in overruling his motion for a continuance; and (2) error in the admission of evidence offered by the commonwealth.

Preliminary to a consideration of either of those grounds a question of practice is presented, and which is, the total absence of any bill of exceptions filed by appellant in the trial court, and no order of court filing what purports to be the stenographer's transcript of the evidence. This volume of the transcript with the record, and which it is claimed contained the evidence heard on the trial, was filed by the clerk of the court after the term at which the trial was had; but there is no order of record showing any such filing, and there is nowhere in the record any bill of exceptions.

In the cases of National Council of Daughters of America v. Polsgrove, 192 Ky. 495, 233 S. W. 1052; Yates v. Stevenson, 193 Ky. 37, 234 S. W. 747; Lundy v. Hunt, 210 Ky. 803, 276 S. W. 838; Patrick v. Commonwealth, 213 Ky. 509, 281 S. W. 498, and many others, some of which are cited in those opinions, it was held that bills of exception and bills of evidence could not become a part of the record, so as to entitle them to consideration on appeal, unless they were filed in the trial court within the time allowed by law, and which fact "must be shown by order of court." In some of the cases, among which is the one of Lundy v. Hunt, supra, we held that the indorsement of the filing by the clerk of the trial court did not supply the necessity of an order of court showing such fact, and which is not only the established rule in this and other jurisdictions, but it is in complete harmony

with the further and absolutely necessary one that the court can speak only by its record. It is the court that passes upon the sufficiency of such documents, and who only can approve them, after which they may be filed and become a part of the record, but, unless so filed, they cannot be considered on appeal to this court. Following the rule as so established by us, the only question presented by the appeal is: Whether the indictment is sufficient to support the judgment? See cases cited in note 1 to section 335, Civil Code of Practice, and also those supra. There is no complaint of the sufficiency of the indictment, nor, indeed, could there be, since it meets every requirement of the law in the presentation of a murder charge.

If, however, we should waive such defects in the record, and should accept what purports to be the evidence heard on the trial, then it clearly appears that neither of the alleged errors relied on for reversal possesses the slightest merit. It appears from such purported evidence that the homicide was committed in front of appellant's home, while deceased, Gaylen Rowe, was riding a mule in the road in front thereof, and had passed appellnat's front gate some 30 or 40 feet. Evidently bad feeling existed between the two and when deceased arrived at the point indicated, going in the direction of his home, appellant's dog ran out in the road and deceased shot at it but did not kill it. Appellant then went into his house and got a shotgun, which he had prior thereto loaded with bullets molded by himself, and according to the great preponderance of the alleged testimony he raised his gun and shot deceased in the back. One bullet penetrated his body and lodged just under the skin in front, from which it was removed and found to have been freshly molded.

Appellant and some of his witnesses testified to some profane language used by deceased, and that he either drew or attempted to draw his pistol on appellant immediately after shooting at the dog but, as stated, the preponderance of the testimony contradicts that story, and it, together with a number of proven circumstances, clearly proves that appellant premeditatedly shot deceased in the back after he had passed appellant's house and going in the direction of his own. So that, according to our interpretation of what purports to be the evidence in the case, appellant should felicitate himself on the mildness of the verdict returned against him. We have

refrained from going into further details of the evidence, as contained in what purports to be the transcript thereof, because of the fact that it was not made a part of the record, and our only reason for making any reference thereto is for the purpose of relieving appellant and his counsel of any regrets growing out of such omission.

With the same view and purpose it might be stated that the continuance, the refusal of which forms the basis of ground (1), was sought because of the absence of only two witnesses, one of whom was only a character witness, and his testimony was cumulative with that testified to by a number of other witnesses on the same issue. The affidavit as to what the other absent witness would testify was read to the jury, and the presiding judge cautioned its members to accept that as the testimony of the witness the same as if he were present and gave it in court. The code authorizes that practice, and it is often followed and generally approved. The testimony of that absent witness, as set out in the affidavit for a continuance, was in substance the same as that given by other witnesses for the appellant, who were present and testified in court, and we are unable to discover wherein he was prejudiced by the refusal of the court to sustain his motion for a continuance.

The alleged incompetent testimony, complained of in ground (2), was that given by the wife of deceased with reference to his clothing and its presentation before the jury, and that given by another witness with reference to the bullets taken from his body. The foundation for the objection to the introduction of the clothing was that the entire garments were not exhibited, due to the fact that, when they were removed from the body of deceased, they were severed into parts in order to effectuate the removal, because of rigor mortis having set up before that act was performed. The front parts of the garments were, therefore, not introduced or exhibited to the jury, since they were not penetrated by any bullet; but only the rear halves thereof were presented, and it was shown that they were in the identical condition as they were when removed from decedent's body. Clearly, therefore, there was no violation of the well-established rule with reference to the introduction of such exhibits, and this ground, if it could be considered on appeal, is entirely without merit.

For the reasons stated, the judgment is affirmed.