## Spencer v. Commonwealth.

(Decided May 12, 1933.)

THURMAN B. DIXON and A. J. OLIVER for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant, Walton Spencer, was indicted by the grand jury of Allen county, charged with murdering Delbert Spencer, and at his trial thereon he was convicted of voluntary manslaughter and punished by confinement in the penitentiary for 21 years. On this appeal from the verdict, and judgment thereon, after his motion for a new trial was overruled, his counsel argue a number of grounds for reversal; but for the reasons hereinafter stated we are without authority to review or determine any of them.

We have searched the record in vain (including the clerk's transcript, as well as what purports to be the evidence heard at the trial as taken and transcribed by the court's stenographer) for an order of the court filing any bill of exceptions, or bill of evidence, which latter is generally the stenographer's transcript of the testimony heard at the trial and may be considered and treated on appeal to this court as a bill of exceptions. But for that to be done there must be an order of court

filing such transcribed testimony after due and proper certification by the stenographer and approved by the presiding judge; or, there must be a formal bill of exceptions incorporating therein, by appropriate reference, such transcribed testimony as a part of it, and embracing the instructions and other necessary matters that are complained of and a review of which is sought by this court. See section 337 Civil Code of Practice, and which section 282 of the Criminal Code of Practice makes applicable to appeals in criminal prosecutions.

We have so construed the practice continuously and without exception; some of the latest cases in which we did so are: National Council Daughters of America v. Polsgrove, 192 Ky. 495, 233 S. W. 1052, 1053; Tipton v. Commonwealth, 207 Ky. 685, 269 S. W. 1007; Patrick v. Commonwealth, 213 Ky. 509, 281 S. W. 498; Mann v. Commonwealth, 226 Ky. 296, 10 S. W. (2d) 1094; Combs v. Commonwealth, 227 Ky. 631, 13 S. W. (2d) 788; Nuckolls v. Illinois Central Railroad Company, 227 Ky. 836, 14 S. W. (2d) 157; and Grayson v. Commonwealth, 235 Ky. 10, 29 S. W. (2d) 580. Many prior ones from this court approving and enforcing the same rule of practice may be found cited in those opinions. What purports to be the instructions in this case are in no manner identified or certified to by the judge who presided at the trial, and what purports to be the stenographer's transcript of the evidence is not even marked filed by the circuit court clerk, but which if done it would be insufficient to comply with the rule imperatively requiring an order of court showing the performance of such requisite steps.

It would be of no avail to recapitulate the reasons underlying that mandatory rule, except to say that the essential one is, that without such certification by the trial judge (to say nothing about the mandatory provision of the two Code provisions requiring it) this court could not know what actually transpired at the trial, and, since it is mandatorily requisite that the precise case heard in the trial court should be brought here, the Code provisions should at least be substantially complied with. The rule as so approved in our opinions, supra, is thus stated in the Polsgrove Case: "The bill of exceptions, to properly be made a part of the record, must be filed in the trial court within the time prescribed by law, and this fact must be shown by order

of court.'' Then follows a citation of domestic cases supporting that excerpt, and it has been undeviatingly followed from that time to the present as will appear from the other inserted cases. Those opinions, as a consequence, also hold that unless there be an order of court showing the filing of the bill of exceptions in the trial court none of the matters .necessary to be incorporated therein may be considered by this court on appeal; and which leaves for consideration by us only the one question, i. e., Whether in civil cases the pleadings are sufficient to sustain the judgment appealed from, and in criminal cases whether the indictment is sufficient to sustain the conviction?

It is not pretended in this case that the indictment is defective in any particular and our examination of it confirms that conclusion. In such cases we are compelled to assume that the instructions given to the jury were proper and that the testimony heard at the trial sustained the offense charged in the indictment, or the degree of it for which the appellant was convicted.

For the reasons stated there is no alternative but to affirm the judgment, and it is accordingly done.