## Wilson v. Louisville & N. R. Co.

(Decided Dec. 7, 1934.)

R. L. POPE, D. M. BINGHAM and J. H. TAYLOR for appellant.

LOWE & BRYANT and ASHBY M. WARREN for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

This is an appeal from a judgment of the Bell circuit court rendered in an action seeking recovery of damages for personal injuries received while a passenger on one of the appellee's trains.

Upon the conclusion of the evidence in behalf of the plaintiff, which was given by her alone, the court upon its own motion peremptorily instructed the jury to find for the defendant, when, a verdict being accordingly returned, it entered a judgment thereon dismissing the petition.

Complaining of this judgment upon many grounds assigned as erroneous, this appeal is prosecuted.

Appellant, as plaintiff below, instituted action in the Bell circuit court, alleging that, while a passenger upon the defendant's train, traveling from Wallins to Pineville, Ky., upon arrival there, in alighting from the train and when attempting to step down from the car steps onto the concrete platform, she fell and was thereby seriously and permanently injured. The petition further alleged that she was at this time of her accident an old and sick woman, coming to Pineville for medical treatment, that her feeble condition and need of assistance while alighting from the train was at such time manifest and apparent to every one, and that upon this occasion, to wit, in August, 1930, the defendant's agents, seeing her feeble condition, undertook to assist her in alighting from the car, and, after assuming this apparent duty to help her, so negligently performed the duty as to cause and permit her to whirl and heavily fall on the depot platform as to cause her the great pain and permanent injury sued for.

However, upon the trial, the plaintiff testified, in contradiction of these allegations of her petition as to her then apparent feebleness and need of assistance in stepping from the car, that she was not, at the time of making this trip, coming to Pineville to procure medical treatment, nor was she unable to travel alone or so enfeebled, though an old woman, as to need the assistance of a helper while alighting from the train, but stated that in fact she often made such trips alone and without help of an attendant.

The trial court permitted plaintiff to cure the variance between her pleadings and proof, thus created, by filing an amended petition, conforming its allegations with plaintiff's testimony, but thereupon the court, on its own motion, instructed the jury to find for the defendant, and, upon its returning a verdict so finding, dismissed her petition.

The judgment dismissing the petition was rendered on September 15, or the fifth day of the 1933 term of the Bell circuit court, ending on September 30. No motion and grounds for a new trial were filed within the following three days, as required therefor by section 342, Civ. Code Prac., nor was time asked during the term or given in which to prepare and file a bill of exceptions, nor was any appeal from the complained of judgment prayed for or granted by the court, the present appeal having been later granted by the clerk of this court in March, 1934.

It appears that, at the January term of the court following, the appellant produced and offered to file a motion and grounds for a new trial, together with an order (purporting to have been entered in the court on the day of the rendition of the judgment on September 15, 1933) overruling a recited motion for a new trial, and praying an appeal, which thereby appeared was granted and the official stenographer given time to a day named in the following November term in which to file transcript of evidence and the appellant to a date named at such term to prepare and file her bill of exceptions. This late motion to file these pleadings and order was overruled by the court, upon the ground that such purported documents then tendered for filing "appeared only in the papers of the case," in that they were not indorsed "filed" nor by the court ordered entered of record. They are now brought before us in the form of a claimed "supplemental record," upon which our consideration of appellant's contentions as therein presented is asked, as being in such wise a part of the record here sought to have reviewed as to the liability of appellee for the claimed neglect of its employee, in respect to his manner of rendering a proffered assistance to appellant while its passenger, or as to the propriety of the trial court's order in directing a peremptory finding for the appellee upon its own motion and in advance of the conclusion of plaintiff's evidence.

Preliminary to the consideration of these questions here urged upon us for review, we must first address our attention to the questions of practice raised by the record—that is, What questions are before us for review upon this appeal, where the duly certified record of the court proceedings shows that no motion and grounds for a new trial was timely or at all filed in the trial court nor was time asked or given appellant in which to prepare and file an approved bill of exceptions?

Under such conditions, it has uniformly and repeatedly been held by this court that, where no application for a new trial has been made within the time fixed by the Code, nothing could be considered upon the appeal except the pleadings and the judgment and the questions as to whether the pleadings supported the judgment as in such instance the case comes before us as though no evidence had been introduced on the trial below. Witt v. Lexington & E. Ry. Co., 158 Ky. 401, 165 S. W. 399; Seiler v. Gilley Bros. & Co., 108 S. W. 284, 32 Ky. Law Rep. 1275.

Section 342 of the Civil Code of Practice provides that application for a new trial must be made at the term at which the verdict or decision is rendered and, except where the ground therefor is newly discovered evidence, it should be made within three days after the verdict or decision is rendered, unless unavoidably prevented. It is not here shown that appellant was unavoidably prevented from making application therefor as by the Code required or that she was unavoidably prevented from moving therefor within the three days time fixed by the Code. In having failed to apply therefor, the applicable and controlling rule in such instance is as cited above, that nothing can now be considered upon an appeal presented by such incomplete record except the pleadings and judgment and whether the pleadings support the judgment. Fleishman v. Goodman, 252 Ky. 535, 67 S. W. (2d) 691. Also it is held to be alike mandatory that appellant should have filed her bill of exceptions, setting forth the errors of the court complained of as committed upon the trial, at the term during which the judgment was rendered, or else have, during such term, asked time in which to prepare and later file such bill of exceptions at a day named of the following term. It is again by the record shown that appellant also failed to observe or comply with this rule, and that she is now attempting to correct

such failure by filing, in lieu thereof, what she terms a "supplemental record," which would show that such things were done by the certain papers therein now offered by her, without their having been indorsed as filed, or by orders of the court made a part of the record. It cannot be claimed that such substituted papers are a part of the record, for the rule as to this is as was said in Mann v. Commonwealth, 226 Ky. 296, 10 S. W. (2d) 1094, which is as follows:

"In the cases of National Council of Daughters of America v. Polsgrove, 192 Ky. 495, 233 S. W. 1052, Yates v. Stevenson, 193 Ky. 37, 234 S. W. 747, Lundy v. Hunt, 210 Ky. 803, 276 S. W. 838, Patrick v. Commonwealth, 213 Ky. 509, 281 S. W. 498, and many others, some of which are cited in those opinions, it was held that bills of exception and bills of evidence could not become a part of the record, so as to entitle them to consideration on appeal, unless they were filed in the trial court within the time allowed by law, and which fact 'must be shown by order of court.' "

Wilson v. Melcroft Coal Co., 226 Ky. 744, 11 S. W. (2d) 932; Porterfield v. O'Leary, 245 Ky. 410, 53 S. W. (2d) 730.

Therefore it follows that the only question here presented before us for decision is, Do the pleadings support the judgment? We are, in view of our conclusion thus reached, not required to here decide whether the petition stated a cause of action or not, as we find that the allegations of the petition were all traversed, which, being true, it must follow that, the burden of their proof not being maintained, the judgment is supported by the pleadings.

Such being for the reason stated the only question here before us for determination, it follows that the judgment of the lower court must be, and it is hereby, affirmed.