## Cunningham v. Humphreys et al.

(Decided April 15, 1938.)

RODES K. MYERS for appellant.

JOHN T. KING and W. H. HOOKS for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

A local option election—called under the provisions of section 2554c-2 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes—was held throughout Trigg county on the 26th day of June, 1937, at which there was a majority of 149 votes cast in favor of adopting the law. The appellant and plaintiff below, S. W. Cunningham, a citizen of Trigg county and a dealer in intoxicating liquors, filed this contest proceeding pursuant to the provisions of section 2554c-13 of the same statutes, making the county board of election commissioners defendants. In his petition he attacked the validity of the election on many grounds. Issues were formed on contested questions of fact and the court, upon submission, heard testimony with reference to them and dismissed the petition, to reverse which plaintiff and contestant prosecutes this appeal. His counsel

in brief filed in this court expressly surrenders and abandons grounds (2), (3), and (7) as contained in the petition, and acknowledges that his client failed to establish either of them at the trial of the contest. But he argues for reversal, and as having been erroneously determined by the trial court, grounds (1), (4), (5), and (6).

Ground (1) attacked the sufficiency of the petition filed with the county court clerk requesting the calling of the election, in that it was not signed by a sufficient and required number of legal voters of the county, which is 25 per cent. of the votes cast at the last preceding general election held in the county. Ground (4) attacks the sufficiency of the advertisement of the election. Ground (5) urges that the election was improperly and illegally conducted in some three or four named precincts and which consisted in the polls not being opened strictly at 6 o'clock on the morning of the day of the election; while ground (6) urges that the sheriff failed to comply with this provision of section 2554c-5, saying: "It shall be the duty of the sheriff to report in writing to the county court that the notices have been duly published and posted." As stated, the court heard evidence on all of the grounds relied on in the petition—including the ones urged on this appeal—and determined the issues of fact (as well as of law where one was presented) adversely to contestant. Counsel insist that such findings were erroneous and are not sustained by the evidence and should be otherwise determined by us, followed by a reversal of the judgment.

We have examined what purports to be the evidence heard on the trial and we do not agree with the contention of counsel, since the purported bill of evidence—if it could be considered by us—amply sustains the finding of the trial court in holding that none of the argued grounds relied on in the petition were sustained by the proof. So much so that it is quite clear that this contest was inaugurated solely for the purpose of obtaining a breathing spell for the contestant and appellant, in which he might continue his business as a dealer in intoxicating liquors pending the contest proceedings; but we will not elaborate on the evidence or attempt to consider it in detail for reasons now to be stated.

The document brought here with the record, and claimed to be a "Bill of Evidence" was not made a

part of the record by any order of the court. It is not even marked filed by the clerk of the Trigg circuit court, though it was certified to by the stenographer who took and transcribed the evidence, and by the judge of the Trigg circuit court, but which only had the effect to complete it as a filable document. However, under numerous, as well as unanimous, opinions of this court it was not and could not be made a part of the record of the proceedings for the purposes of an appeal (or any other purpose except for references to it to ascertain its contents) without being filed in the trial court with an order to that effect on its records; and, though brought here as certified to by both the stenographer and the trial judge, it cannot be considered in determining the questions of fact, unless such a filing as evidenced, with an order to that effect, was made in the trial court.

The cases of Spencer v. Commonwealth, 250 Ky. 370, 63 S. W. (2d) 288, 289, and Wilson v. L. & N. R. Co., 257 Ky. 144, 77 S. W. (2d) 416, are among the latest ones wherein that mandatory rule of practice was approved. In holding the rule to be mandatory (i. e. that the bill of exceptions, or bill of evidence, should be filed in the trial court with an order of court certifying to that fact), we said in the Spencer opinion: "We have so construed the practice continuously and without exception; some of the latest cases in which we did so are: National Council Daughters of America v. Polsgrove, 192 Ky. 495, 233 S. W. 1052, 1053; Tipton v. Commonwealth, 207 Ky. 685, 269 S. W. 1007; Patrick v. Commonwealth, 213 Ky. 509, 281 S. W. 498; Mann v. Commonwealth, 226 Ky. 296, 10 S. W. (2d) 1094; Combs v. Commonwealth, 227 Ky. 631, 13 S. W. (2d) 788; Nuckolls v. I. C. Railroad Company, 227 Ky. 836, 14 S. W. (2d) 157; and Grayson v. Commonwealth, 235 Ky. 10, 29 S. W. (2d) 580. Many prior ones from this court approving and enforcing the same rule of practice may be found cited in those opinions."

To the same effect is our opinion in the Wilson case, (257, Ky.) and in which an additional number of prior sustaining cases are cited, among which are, Wilson v. Melcroft Coal Company, 226 Ky. 744, 11 S. W. (2d) 932, and Porterfield v. O'Leary, 245 Ky. 410, 53 S. W. (2d) 730. There are many others to the same effect, but the rule is so universally settled and invariably followed as to not require additional instances

wherein we have done so. Without the bill of evidence as a part of the record, the only remaining question is—whether or not the pleadings sustained the judgment, and which rule is so declared in the cases supra. There is not—nor could there be—any contention that the pleadings do not support the judgment appealed from.

Wherefore, for the reasons stated, the judgment is affirmed; with directions that the mandate issue immediately without prejudice to the right of appellant to file a petition for a rehearing.