## Hickey v. Glass.

Feb. 21, 1941.

Owen S. Lee and Strother Kiser for appellant.

Chester D. Adams, Lasserre Bradley and Paul H. Mansfield for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellee and defendant below, E. M. Glass, operates in Lexington, Kentucky, a printing establishment under the name of Commercial Printing Company. He had, at the time of the filing of this action against him by plaintiff in the Fayette circuit court, a contract for the printing and binding of opinions of this Court in permanent volumes and printing the Kentucky Advance Sheets. In his petition plaintiff alleged that he, under an agreement with the defendant, assisted the latter in procuring that contract, for which assistance compensation was agreed to be paid him by defendant. He then alleged that his services were reasonably worth the sum of $4,000, and prayed judgment against defendant for that amount. Defendant's special and general demurrers, which he filed to the petition, were overruled followed by an answer denying plaintiff's alleged contract. A trial before a jury was had, resulting under the instructions of the court, in a verdict against defendant for the sum of $2,325. Defendant's motion for a new

trial was sustained by the court, and a later and second trial was had wherein the jury returned a verdict in favor of defendant under a directed instruction to do so. Following that verdict a judgment dismissing the action was rendered and from it plaintiff prosecutes this appeal.

Two questions on the merits of the case are argued in briefs of counsel, one being a question of law and the other one of fact. The legal question is, whether the alleged contract, if made, can be enforced, or whether it is void as against public policy—it being one for the benefit of the public—or what is sometimes referred to as a "public contract"? The question of fact is, whether or not such a contract was made? On the last trial no motion for a new trial was made by plaintiff and no reason appears in the record explaining that omission. Perhaps counsel may have labored under the impression that a new trial was not necessary in case of directed verdicts; but whatever the reason therefor the fact is that no such motion was made.

Provisions for the making of such motions are contained in Article V, Chapter II, of our Civil Code of Practice, Sections 340 et seq., and we have uniformly construed them to require a motion for a new trial to be made and acted on by the trial court before any alleged errors—other than the sufficiency of the pleadings to support the judgment—may be considered by this court on appeal. Some illustrative cases approving that interpretation are, Wilson v. Louisville & N. R. R. Company, 257 Ky. 144, 77 S. W. (2d) 416; Brown v. Union Packing Company, 229 Ky. 198, 16 S. W. (2d) 1024; Lundy v. Hunt, 210 Ky. 803, 276 S. W. 838; Whitmer v. Cardwell, 194 Ky. 351, 238 S. W. 1048, and Kistler v. Slaughter, 50 S. W. 529, 20 Ky. Law Rep. 1937.

In the case of National Council Daughters of America v. Polsgrove, 192 Ky. 495, 233 S. W. 1052, the same requirement for a motion for a new trial to be made— with like consequences for a failure in that respect— was determined by us where in an ordinary case a jury was waived and the case tried by the court. In the Kistler case a peremptory instruction was given and the appellant therein contended in this court that a motion for a new trial was not necessary where the jury had been directed to return a particular verdict, but in

overruling that contention we likened the question to a case tried by the court after a jury was waived, and wherein we held prior to that case in a number of others that a motion for a new trial was necessary, notwithstanding the court instead of the jury determined the issues and rendered the judgment. We said therein (Kistler case) that: "It would be a singular practice, indeed, if in cases tried by the court alone, without a jury a motion for new trial was necessary, and in cases submitted to the jury on instructions from the court a motion for new trial was also necessary, and yet the rule be as contended by appellant—that on a peremptory instruction being given, a motion for a new trial is unnecessary. In our opinion, there is no distinction between the cases submitted to the court without a jury and the one at bar, where the court, by giving a peremptory instruction, decided the case."

The same interpretation was followed in the Whitmer case wherein we explained the office of a motion for a new trial was to give the trial court an opportunity to review and correct its errors, if any, as complained of in the motion, which was due to it, and which in many cases might also forestall the necessity of an appeal to this court by having the trial court to correct the errors complained of instead of this court doing so through the tedious, delaying and costly procedure of an appeal. All of the cases cited supra, as well as many others referred to in those opinions, adhere to the same interpretations and hold that when there is no motion for a new trial made in an ordinary case, as this one is, then the only question before this court on appeal is, whether or not the pleadings sustain the judgment? They undoubtedly do so in this case, since the petition alleges a contract which the answer denied. The burden thereby rested on the plaintiff to prove his contract and to thereby establish the factual issue necessary for him to recover. Therefore, the evidence heard at the trial, though brought here as a part of this record, may not be considered by us, and since the pleadings support the judgment there is no alternative but to affirm it—which, however, we are convinced should be done upon the merits of the case if the record was in condition to authorize us to determine them.

Wherefore, for the reasons stated, the judgment is affirmed.