## Howard v. Commonwealth.

Sept. 23, 1941.

Carl Perkins for appellant.

Hubert Meredith, Attorney General, and A. E. Funk, Assistant Attorney General, for appellee.

Opinion of the Court by Van Sant, Commissioner—Affirming.

Dillard Howard and his codefendant, Dan Howard, were convicted of the crime of willfully confederating and banding themselves together and going forth armed for the purpose of intimidating or alarming another person. Each was convicted and sentenced to one year in the state reformatory. From this judgment Dillard Howard has appealed.

He complains (1) that the court erred in admitting incompetent evidence introduced by the Commonwealth,

and (2) that the evidence was not sufficient to sustain the verdict.

At the outset, there is presented a question of practice, which, if decided adversely to appellant, leaves us without jurisdiction to entertain his appeal in respect to the grounds presented. The facts controlling this question are that the bill of exceptions which contains what purports to be the court reporter's transcript of the evidence was not filed in the time required by law and there is no order of record showing that it was ever filed. In overruling appellant's motion for a new trial, the trial court gave him until the last day of the July 1940 term, viz., July 27, 1940, in which to file his bill of exceptions. He did not tender his bill until the 9th day of August, 1940, on which date it was approved by the trial judge and marked "filed" by the clerk of the court. But, as above recited, no order of record shows that it was actually filed.

It has ever been the rule in this jurisdiction that neither a bill of exceptions nor a bill of evidence can become a part of the record, so as to entitle it to consideration on appeal, unless filed in the trial court within the time fixed by law; and which fact must be shown by order of the trial court. Mann v. Commonwealth, 226 Ky. 296, 10 S. W. (2d) 1094, and cases therein cited. Moreover, we have consistently held that an endorsement of filing by the clerk of the trial court may not be substituted for an order of the court. Lundy v. Hunt, 210 Ky. 803, 276 S. W. 838; Mann v. Commonwealth, supra. Any holding to the contrary would be in conflict with the universal rule that a court can speak only by its records. Equitable Trust Co. of Dover v. Bayes, 190 Ky. 91, 226 S. W. 390. It is apparent therefore, that we are without jurisdiction to consider the alleged errors and the only question which can be considered on this appeal is the sufficiency of the indictment, about which no complaint is made, but which, nevertheless, we have examined and find to be entirely sufficient to sustain the conviction.

It follows that the judgment must be, and hereby is, affirmed.