# Smith et al. v. Howard et al.

. May 14, 1948.

Rodes K. Myers for appellant.

G. D. Millikin and G. D. Millikin, Jr., for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appeal is from a judgment in favor of the appellees setting aside deeds to two small tracts of land in Warren County which were executed to the appellant Grace Howard Smith by her aged father. In a supplemental judgment an award was made to Mrs. Smith for services rendered in caring for her father during the latter years of his life. On this appeal Mrs. Smith is insisting that the jury, to which an issue out of chancery was submitted, was not justified in finding that her father was mentally incapacitated at the time he executed the deeds. It is insisted also that incompetent evidence was admitted, and that errors were committed in submitting the issue out of chancery to a jury.

We are met at the threshold of the case by a question of practice, namely, the effect of the failure of the losing party to file a motion and grounds for a new trial. The appellees contend that, since no motion and grounds for a new trial were filed by the appellants, the only question reviewable on the appeal is the sufficiency of the pleadings to support the judgment. We deem it unnecessary to enter upon an extensive discussion of the case because we think this contention is sound. Counsel for the appellants have sought diligently to show that a motion and grounds for a new trial were filed in due time, but the transcript of the record fails

to disclose that they were ever filed. In the case of Shannon v. Stratton & Terstegge, 144 Ky. 26, 137 S. W. 850, it was held that where an issue out of chancery is tried by a jury it is governed by the same rules as govern in ordinary actions, and in the absence of a motion for a new trial the appellant presents nothing for review except the sufficiency of the pleadings to support the judgment. This is true even where a jury is waived and the case is submitted to the court. Whitmer v. Cardwell, 194 Ky. 351, 238 S. W. 1048; Hickey v. Glass, 285 Ky. 848, 149 S. W. 2d 535. In the case at bar the pleadings amply support the judgment. Furthermore, we are convinced from our examination of the whole record that the chancellor made a proper disposition of the case when he allowed Mrs. Smith the sum of $1,500 in the supplemental judgment on her counterclaim.

Judgment affirmed.