CASE 84—MOTION TO STRIKE STENOGRAPHER'S TRANSCRIPT FROM THE RECORD. FEB. 18.

# Mann v. Moore, &c.

APPEAL FROM NELSON CIRCUIT COURT.

MOTION TO STRIKE STENOGRAPHER'S TRANSCRIPT. GRANTED.

Held: Under Kentucky Statutes, section 4644, providing that a stenographer's transcript of testimony, "when attested by the judge before whom the trial was had, may be taken, without being copied, to the court of appeals to be used upon an appeal," a stenographer's transcript not attested by the judge will be stricken from the record on appeal, though there was an order by the trial court reciting that it was approved and signed, made a part of the record, and ordered to be transmitted to the clerk of the court of appeals without copying; but the appellee may withdraw such transcript for the purpose of having it properly attested, if it can be done, and then refile it as a part of the record.

HALSTEAD & YEWELL, FOR APPELLANT.

JOHN S. KELLEY, FOR APPELLEES.

   (No briefs.)

OPINION OF THE COURT BY CHIEF JUSTICE GUFFY, GRANTING MO-
TION.

The appellees entered a motion to strike from the record
the paper filed as, and purporting to be, a transcript of
the official stenographer's shorthand report of the testimony
taken in court on the trial of this case, because they say
that said pretended transcript is improperly and without
right or authority filed in this court, and can not be con-
sidered on this appeal, because same is not attested by the
judge before whom the trial was had, as required by sec-
tion 4644, Kentucky Statutes, and not identified as required
by law. The appellant resists the motion, and also asks
that, in the event it should be held that the paper in ques-
tion can not be considered as part of this record, leave be
given him to withdraw the paper for proper signature and
attestation. It appears from this record that R. C. Cherry
was at the time of the trial in the court below the official
stenographer of the Nelson circuit court, and was by order
of court directed to take down in shorthand notes of all the
evidence heard in the case. He was also directed to make a
transcript of said evidence taken in the case, and on the
28th of May, within the time prescribed by order of court,
said stenographer appeared in court and tendered therein
a complete bill of evidence; and on the 10th of June, 1901,
at the same term of court, said transcript was duly filed,
by order duly made and entered, which order reads as fol-
lows:

"And the bill of evidence made and transcribed by R. C.
Cherry, official stenographer of this court, heretofore filed
by him, and tendered with and made a part of said bill of
exceptions, and being examined by the court, is hereby ap-
proved, and, being signed, is made a part of the record in
this case, and ordered to be transmitted by the clerk of

this court to the clerk of the court of appeals, as part of the transcript in the case herein, without copying."

The paper has the following indorsements:

"Received of R. C. Cherry, official stenographer, and tendered May 28th, 1901.   Att.: Wallace Brown, Clerk."

"Filed in court June 10th, 1901.  Att.:  Wallace Brown, Clerk."

The following also appears in the bill of exceptions:

"Said witnesses for plaintiff and defendant testified severally as shown by the statement of testimony, which is filed in this case as part of the record herein, being the transcript of evidence taken by the official stenographer of this court, R. C. Cherry, filed herein as a transcript of the testimony taken in this case; and said transcript of testimony contains all of the evidence there was in the action."

The bill of exceptions was duly signed by the circuit judge of Nelson county, and it may be taken as true that the orders heretofore copied refer to the transcript of evidence as made by the stenographer. The transcript is signed by Cherry, official stenographer, but is not signed, attested, or approved by the circuit judge by any indorsement made or signed by him upon said transcript of evidence. Section 4644, Kentucky Statutes, reads thus: "Any of said transcripts of testimony made by said reporter, as aforesaid, when attested by the judge before whom the trial was had, may be taken, without being copied, to the court of appeals to be used upon an appeal and thereafter returned to the court in which it was made." It will be seen from the foregoing section that, in order to authorize such a transcript of testimony as the one under consideration to be used as part of the record in an appeal to this court, such copy or transcript of the evidence must be attested by the judge who presided at the trial; and we are not

aware of any rule of law by which we are authorized to dispense with such attestation, or authorized to consider any such transcript of evidence, unless the same be attested as required by the section supra. It is true that the transcript in question appears to be signed by the official stenographer, and also indorsed "Filed" by the clerk; and a transcript of the testimony in this case is evidently referred to by the orders of the court, as well as mentioned in the bill of exceptions. Nevertheless the paper now in question has never been attested by the judge who presided at the trial, and, in the absence of such attestation, we can not treat the transcript as part of the record in this case. The motion must therefore be sustained to strike it from the record, but the appellee is given leave to withdraw the same for the purpose of having it properly attested, if the same can be done; and, if properly attested, it may be again filed in this court, and considered as part of the record in this case.

Whole court sitting.