## County Board Of Education Of Mercer County, Kentucky v. Rankin.

(Decided February 16, 1911.)

### Appeal from Mercer Circuit Court.

Attorney and Client—Compromise Agreement After Judgment—
   Claim as to Fee.—In an action against a book company for the
   violation of its contract with the State, a judgment for $10,-
   000 was recovered, but a compromise was effected with the

company by the School Superintendent and his attorney by which a note of $2,200 was accepted in satisfaction of the judgment, and at the suit of the successor of the school superintendent that compromise was set aside and canceled, and the book company compelled to pay the $10,000 judgment. Held, that in an action to recover a fee for his services in the original action, the attorney for the superintendent was not entitled to any fee. When he permitted his client to barter away the judgment for a paltry sum, less than one-fourth of it, upon terms of uncertainty as to payment, he was himself guilty of neglect of duty, and the lower court should have instructed the jury in accordance with this view of the law.

E. H. GAITHER for appellant.

WM. L. WHITTINGHILL for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Reversing.

In 1905, C. E. Rankin, as attorney for H. H. Walker, superintendent of schools in Mercer County, Kentucky, brought a suit in the Mercer Circuit Court against D. C. Heath & Co., school book publishers and sellers, and B. F. Graziani, their surety, wherein it was sought to recover of said book company the sum of $10,000 for an alleged breach of its bond. When the case was called for trial, the defendant book company entered a demurrer to the petition, and, at the same time, filed an answer, traversing the material portions thereof, and entered a plea of abatement; this latter being based upon the pendency of a similar action in the Mason Circuit Court. The plea in abatement was later withdrawn, and a plea entered to the jurisdiction of the court. This was overruled, and the case went to trial upon depositions that had theretofore been taken in Columbus, Ohio, and the testimony of one W. S. Smythe, an agent of the book company, who was introduced as a witness for plaintiff on the question of the quality of the books. At the conclusion of this evidence, a verdict for $10,000 was rendered in favor of plaintiff.

On the day following the rendition of the verdict, the county superintendent with the knowledge of his attorney entered into a compromise agreement with the attorney for the defendant company, by the terms of which a note for $2,200 was executed to the plaintiff as superintendent, to be paid when the Court of Appeals should determine that the judgment rendered in the Mercer Circuit Court was a bar to the proceedings in

the Mason Circuit Court. The note, by the terms of the agreement, was to be held until this question was finally decided against the claim of Mason County, when it was to be paid. Following the execution of this note, appellee, as counsel for the superintendent, wrote upon the margin of the judgment the folllowing endorsement: "This judgment is satisfied in full, this May 17th, 1905." This was signed by Walker for the Commonwealth and as superintendent of schools.

On the first of January, 1906, Walker was succeeded in office by Miss Ora L. Adams, and, in making a settlement with Walker, she learned of the compromise agreement. She thereupon brought suit to have it set aside, the endorsement of satisfaction upon the judgment cancelled, and such proceedings had and orders made as would enable her to collect the $10,000. This suit was resisted by the book company upon various grounds, and upon a full hearing in the circuit court the prayer of the petition was granted. The case was appealed and affirmed by this court, the opinion being found in 113 S. W., 69, under the style of D. C. Heath & Co. v. Commonwealth.

The judgment was finally collected, and, as Rankin, who had represented the former superintendent Walker, and Miss Adams, the present superintendent, were unable to agree what, if any, compensation he should have for his services in bringing the original suit, a suit was instituted by him against the Board of Education for Mercer County to recover $1,000 as the reasonable value of the service rendered by him. The Board of Education for answer pleaded the facts as developed in the suit of the Commonwealth v. Heath & Co., supra, and denied that the services rendered by him were worth $1,000, or any sum whatever; and pleaded further, that after the rendition of the judgment for $10,000, he and his client Walker entered into the compromise agreement by which they accepted, in satisfaction of the judgment, the note for $2,200, and that he agreed with his client to look to said note for his compensation; and that, if the plaintiff was entitled to any sum whatever, it was only a reasonable fee for services in so conducting the case as to get this note from the book company. They charged, in substance, that a fraud was practiced upon the Commonwealth in the compromise settlement agreed upon,

and that, because thereof, no fee whatever should be paid. The reply traversed the allegations of fraud and all other material allegations set up in the answer. Upon the two issues, the fraudulent settlement of the original judgment and the value of the services rendered, the case went to trial. The burden being upon the defendants to substantiate their charge of fraud, upon the conclusion of the testimony, the court was of opinion that they had failed to make out their case, and instructed the jury that the only question for their consideration was the value of the services rendered by plaintiff to defendant. Plaintiff testified as to the value of his services, and, at the conclusion thereof, the court instructed the jury as follows:

"You will find for plaintiff Rankin the reasonable value, according to the testimony, of his services as attorney for the plaintiff, in the case of H. H. Walker as Superintendent of Schools against D. C. Heath & Company and B. F. Graziani, not exceeding $1,000, the amount claimed in the petition."

The jury found for plaintiff the full amount sued for, and judgment having been entered thereon, the Board of Education appeals.

Two questions are presented for our consideration: First, was the compromise arrangement entered into between former superintendent Walker and the company a fraudulent transaction? And second, if so, to what extent was appellee connected therewith, and how far should he be held answerable therefor?

It is argued, in defense of the superintendent and his counsel, that in as much as there was a similar suit pending in another county, they entertained grave doubts as to whether or not they would ever be able to collect any sum whatever on the judgment, and that therefore they were acting for what they regarded as the best interests of the schools of Mercer county in making the settlement which they did.

The bond of the book company had been violated, and the Commonwealth was entitled to this money for the use of either Mason or Mercer county. The only open question was between the two counties, as to which should have the benefit of it. Walker and his counsel, appellee, stood as the representatives of the Commonwealth in Mercer County, the one a public official, and the other his chosen adviser. Of the former the Common-

wealth expected that character of service which a faithful official will render, and of the latter the Commonwealth had the right to expect that he would see to it that the superintendent was properly advised and represented, so that the interests of the Commonwealth would be protected.

As decided in the case of Commonwealth v. Heath & Co., there was no authority in law for making such a compromise as was attempted to be made, and if they had permitted the record in the Mercer Circuit Court to show the character of compromise that had been entered into, little trouble would have been experienced. But the arrangement was so made that it appeared from the record as though the full amount of the judgment had been paid, for it could be satisfied only by paying it. And in this lies the mischief. Whether willingly or not, the superintendent and appellee were in reality aiding the book company to defeat the Commonwealth in the collection of $7,800 of its judgment debt. This is the effect of the agreement into which they entered, for, as the record in the Mercer Circuit Court showed that the judgment had been satisfied, the plea of this fact in the Mason Circuit Court would have been a good plea in bar; and as the bond provided that there could be but one recovery, the Commonwealth, if the true facts had not been disclosed, would have lost just this amount of money. The net result of appellee's services to superintendent Walker, and through him the Commonwealth, was that, if the suit had not been filed to have the endorsement on the record cancelled and the unwarranted agreement set aside, this loss of $7,800 would have been sustained.

Walker was dead at the date of the trial and we have no statement from him as to why the compromise agreement was entered into. Appellee says that he was opposed to it, and, in fact, regarded it as not amounting to anything. Unfortunately this does not help him. He should not have prepared the endorsement that was put upon the record· he should not have acted as intermediary between the book company and the superintendent; he should not have consented to be the custodian of the note; he should not have maintained a secrecy about the transaction; and he should have made the record show the true transaction. All of these acts on his part contradict his testimony that he was opposed to the ar-

rangement and advised against it.  He was employed to represent his client, and, through him, the Commonwealth, and to protect and preserve her interests, and he failed to discharge his whole duty when he sat quietly by and saw his client do an act which he knew to be wrong, or unlawful, or unauthorized.  He is not entitled to compensation for services in which he failed to discharge the duty which the law and his oath imposed upon him.  If the superintendent was proceeding in ignorance of the law, it was the duty of appellee to have correctly advised him and guided him aright.  He should not have knowingly permitted his client to enter into the kind and character of agreement which he did. He knew that this money did not belong to Walker, but to the Commonwealth, and when he permitted him to barter it away for a paltry sum, less than one-fourth the amount of the judgment, upon terms of uncertainty as to its payment, he was himself guilty of neglect of duty; and this especially in the light of the testimony which he gives, to the effect that he did not regard it as a binding contract, or of any force and effect.  Instead of lending his sanction to this transaction, he should have resisted its execution, and had he done so with any degree of firmness, we have no doubt but that the result would have been different.

Compensation for a lawyer's services is not always measured by the value of the service rendered.  Good services, honestly and faithfully performed, frequently produce no good or valuable results; but for such services the lawyer is, nevertheless, entitled to pay.  But where he so acts as to cause a loss, he should be denied compensation.  Up to the date of the rendition of the judgment, appellee's services had been satisfactory. Whether the arrangement as to the compromise agreement had been entered into before the judgment was taken or not, is immaterial.  Every step that was taken, as appears from the record, was taken in the interest of protecting and perfecting the Commonwealth's right, and hence we pass without consideration the contention that the arrangement to compromise this judgment was entered into sometime before it was taken. Appellee's failure of duty attached when he permitted the arrangement to be entered into as above set out.  By permitting the compromise, he not only completely destroyed the value of the services he had rendered the

Commonwealth up to that time, but, in fact placed her in a worse position than she would have been in if nothing at all had been done; for, in order to collect this money, it was first necessary for the Commonwealth, by suit, to have removed from the record the endorsement which the superintendent, with the knowledge of appellee, had placed thereon. This effort on the part of the Commonwealth was successful at the end of a vexatious and expensive litigation, in which she received no aid, counsel or assistance in any wise from appellee. Having not only destroyed the value of the services rendered in procuring the judgment, by permitting the compromise to be entered into, but put the state to a big expense to clear the record, we are constrained to hold that appellee is entitled to no compensation whatever for his services. And, instead of instructing the jury as he did, the trial judge should have instructed it that the facts, as developed in the case of the Commonwealth v. Heath & Co., were such as showed that appellee was entitled to no compensation for advising, or at least permitting, his client Walker to close that litigation in the way and manner in which he did. A judgment should have been rendered in favor of appellant and plaintiff's petition dismissed. The cause is reversed and remanded with instructions so to do.

Whole court sitting.