## Easley & Siegleman v. Kramer.

(Decided May 22, 1936.)

J. D. VIA for appellants.

H. T. SMITH for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

Appellee operating a lumber yard in Fulton, Ky., under the name of Kramer Lumber Company, furnished to appellants between August 14 and December 18, 1934, lumber, paints, hardware, and other materials to be used by appellants in the construction of a road

house on the Union City highway at some point in Obion county, Tenn. The total amount of the open account was $1,413.20, upon which credit had been given for returned materials, and cash payment of $500 on December 12, leaving a balance of $935.04, for which amount appellee sued appellants, asking an attachment against certain properties belonging to appellants, and a garnishment against a bank alleged to be then holding their funds.

Appellants filed answer in which they admitted the purchase of the lumber and other building materials, but by way of counterclaim alleged that they had contracted for dry and seasoned lumber, and that appellee furnished them some green and unseasoned lumber (which they nevertheless used in the construction of the building), and that by reason of appellee's failure to furnish dry lumber decorative material used in the interior of the building was caused to crack and break off, whereby the appellants were damaged to the extent of $1,264. The cause, after proof, was submitted to a jury, which returned a verdict for Kramer for the amount sued for, and the court entered judgment, also sustaining the attachment and garnishment. Motion for a new trial was overruled, and the defendants below prosecute this appeal.

Several grounds for a new trial were presented in support of the motion, but appellants by counsel insist, only, that the verdict of the jury was contrary to the evidence, and that counsel for appellee made improper and prejudicial remarks in argument. Upon an inspection of the record we find there was no bill of exceptions signed or settled by the court or filed herein. The bill of evidence was approved by the court, but there is no order making it a part of the transcript of record.

A stenographer's transcript of evidence, although approved, will not be considered by this court on appeal unless made a part of the record by order of the lower court. Mann v. Moore, 112 Ky. 725, 66 S. W. 723, 23 Ky. Law Rep. 2121; Board of Education v. Rankin, 142 Ky. 324, 134 S. W. 157; Postal Telegraph-Cable Co. v. Louisville Cotton Oil Co., 136 Ky. 834, 122 S. W. 852, 125 S. W. 266. In the absence of a bill of exceptions, we look only to the pleadings to ascertain whether or not the verdict of the jury is supported

thereby. Martin v. Richardson, 94 Ky. 183, 21 S. W. 1039, 14 Ky. Law Rep. 847, 19 L. R. A. 692, 42 Am. St. Rep. 353; Bobbitt v. Blakemore, 153 Ky. 170, 154 S. W. 941. The court cannot consider improper remarks of counsel unless same are certified in a bill of exceptions. Clark v. Com., 237 Ky. 112, 34 S. W. (2d) 963; Chesapeake & O. Ry. Co. v. Stapleton, 154 Ky. 351, 157 S. W. 702.

We have carefully examined the pleadings and conclude that they were such as as fully supported the verdict of the jury.

Judgment affirmed.