## Cornett v. Maloney.

(Decided March 25, 1938.)

840

A. H. HARGIS for appellant.

WILLIAMS & ALLEN and R. A. DUNN for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

A forcible detainer proceeding was instituted in the police court of Jackson by G. G. Maloney against Minerva Barnett Cornett. That court found her guilty of the detention and she filed a traverse in the Breathitt circuit court. Somehow the record seems to have been changed by running a line through the initials "G. G." and writing "Arlie" above it. He appears as the appellee. A trial was had in the circuit court and judgment rendered against the defendant on July 25, 1936. Her motion for a new trial being overruled, she was given until the sixth day of the October term to file a bill of exceptions. There appears in the record an order entered at "Special August term, 13th day, 31st day of August, 1936," directing the parties to prepare a "by-stander's bill of exceptions and evidence" and file it on or before the sixth day of the October term. It is further recited that when filed the clerk should so mark it and copy the bill as part of the record for appeal as a bystander's bill of exceptions. On the fifth day of the October term (which was October 23d) appears an order reciting that the defendant tendered and offered to file such a bill. There is brought to this court a transcript of evidence and proceedings in narrative form, which is signed and sworn to by five men. It bears the indorsement, "Tendered and offered to be filed in open court, this the 23rd day of October, 1936."

So far as the record shows, this document was never presented to the trial judge and never filed. Section 334, Civil Code of Practice, provides for the tendering of a bill of exceptions and requires that same

shall be approved and signed by the judge and filed and identified by an order of record. Nuckolls v. Illinois Central Railroad Company, 227 Ky. 836, 14 S. W. (2d) 157; Easley & Siegleman v. Kramer, 264 Ky. 425, 94 S. W. (2d) 1030. The procedure in this case is unusual. In the absence of a contrary showing, it will be presumed that the case stood upon the docket for consideration at the August special term and that the order entered then was regular. The Code contemplates the submission to the judge of a bill of exceptions and then, if he refuses to approve it, for the preparation of a bystander's bill under certain conditions. Sections 335, 337, Civil Code of Practice. See Davis v. Smith, 264 Ky. 20, 94 S. W. (2d) 20, 21. For the purpose of the decision, we may assume from the implications of the order that some sort of bill was presented to the judge which he did not approve, since he authorized the filing of a bystander's bill. The subsequent action at the October term must be deemed as an abandonment of the authority contained in the order of August 31st. But even though there was no such abandonment, still the record does not show that the bystander's bill was filed by the clerk.

There being no bill of exceptions before us (Harp v. Prudential Ins. Co., 261 Ky. 295, 87 S. W. (2d) 595), we are limited to the question whether the pleadings support the judgment. Easley & Siegleman v. Kramer, supra. These pleadings consist of the writ issued by the police court, with the accompanying notice served upon the defendant, and the traverse filed by her in the circuit court. Also her "Answer to writ of forcible detainer and petition against G. G. Maloney," which was tendered and offered to be filed in the circuit court, together with a demurrer thereto.

The presumption is that the evidence supported the judgment finding the defendant guilty of forcible detainer as charged in the writ, hence it must be and is affirmed.