## Gaffeney v. Gaffeney.

October 7, 1949.

Richard R. Bryan for appellant.

L. B. Alexander for appellee.

JUDGE THOMAS—Affirming.

The appellant and appellee in the above styled action were married in Paducah, Kentucky, on September 2, 1942. One child, Janet Lynn Gaffeney, was born to this union on February 24, 1944. Appellant and appel-

lee lived together until April 3, 1944, at which time they separated and have not lived together since.

On May 17, 1944 appellant filed this action for alimony for herself and support for the infant child in the total sum of $5,000, alleging that defendant had abandoned her, but it had not lasted for sufficient time to become a ground for divorce. After the period of abandonment alleged had ripened into a ground for divorce, and on September 10, 1945, plaintiff amended her petition and asked for an absolute divorce. On September 20, 1945, the parties entered into a stipulation whereby the plaintiff should have custody and control of the infant child with defendant having the right to see and visit it and have it with him "at all reasonable times and places." It was also stipulated that the plaintiff should be paid $20 per month by the defendant for the infant during the time he was unemployed, and $25 per month when he was employed, but it was further stated that "all other claims sued for by the plaintiff, except the divorce and costs of the action, are to be and are hereby dismissed as compromised and settled.

After the birth of the child, defendant, who had a job with the Illinois-Central Railway Company at Paducah, moved to Memphis, but his abandoned wife and child still remained as residents of Paducah. The judgment of the court, after the filing of that stipulation, was the granting of a divorce to the wife on the ground of abandonment by the husband, proof having previously been taken, and the court adopted the stipulation as to maintenance, custody, etc. "as fully set out in the stipulation" and fixed the fee of attorneys for plaintiff at $75.

On February 2, 1948, defendant moved for a rule against plaintiff to show cause why she had not complied with the court's judgment to permit him to visit and be with the child. At the hearing of that motion the court adjudged that "said infant child shall visit in the home of its (paternal) grandparents, Mr. and Mrs. P. C. Gaffeney, on every other Sunday beginning February 29, 1948, whether the defendant is present or not. Said time and place is adjudged by the court to be the time and place where said defendant may be present and have said child visit him. If not present, said child shall visit

its grandparents, Mr. and Mrs. P. C. Gaffeney, at said time.'' (Our parentheses). The court further ordered that the defendant or his parents should call for the child at the hour of 10:30 a. m. on every other Sunday, but that the child should be returned to the plaintiff, its mother, at 5:30 p. m. the same day. The case was then continued until changed by the court. Nothing was done until May 14, 1948, when the defendant moved the court to give him the permanent custody of the child. At the hearing of that motion the court adjudged: ''* * * that the order heretofore entered on March 5, 1948, which is recorded in Order Book YYYY, page 74, be complied with in that said infant child shall visit its grandparents, Mr. and Mrs. P. C. Gaffeney, provided the defendant, James L. Gaffeney, is not present at the time said visits are ordered.''

Counsel for appellant, and plaintiff below, in his brief reciting the last above order says:

''From so much of the order as requires the child to visit its grandparents, Mr. and Mrs. P. C. Gaffeney, at times when appellant is not present this appeal is taken.

''The sole question to be determined upon this appeal is whether, or not it is proper for a chancellor to direct a child in the custody of her mother to make regular visits to the home of the father's parents at times when the father is absent.''

It is conceded that Memphis, Tennessee, where appellee was employed at the time of the entry of the order from which appellant's counsel say this appeal is prosecuted is 175 miles from Paducah. The transportation facilities between the two cities are liable to changes and alterations at any time by the public operators furnishing them. It is conceivable, therefore, that the portion of the order of the court appealed from directing the infant child to visit the home of its paternal grandparents every other Sunday between the hours mentioned, was evidently for the purpose of enabling the father, when he could make the trip, to visit his child at his parents' home. Their home, as we gather from the record, was also his legal home.

Moreover, it is rightfully conceded by appellant's

counsel that the interest and welfare of the child in contest enters largely into solving the question of permanent custodian. "Interest and welfare" of the child is broader and more comprehensive than to be furnished with food, lodging and clothing. We are told that grandparents are usually more interested in and entertain equal or greater affection for their grandchildren than their own children. It is also true that the court in making its orders in such cases has a wide discretion.

In this case, so far as the record shows, the parents of appellee are highly respected citizens, and no doubt they by having the child periodically with them would instill in it principles of honesty, uprightness and good citizenship which it might not otherwise receive. Furthermore the child should not be reared in an atmosphere that would make it a comparative stranger to its relatives so closely related to it as are grandparents to their grandchildren.

We do not intend to say, nor is it true, that grandparents have any inherent right to the possession of their grandchildren which they may legally enforce in the absence of some agreement or arrangement with its living parents. After all, the basic question decided by the court was that the mother should surrender the temporary custody of the child every other Sunday between the hours set out in the record, which order did not curtail her right to the permanent custody of the child one iota. Neither pleading, nor brief of counsel, attack the suitability of the grandparents to have the temporary custody of the child in their home during the ordered and specified occasions as a fixed location for the father to visit his child. We therefore conclude that the court did not err in so directing in that part of the order complained of.

However, an essential and material question of practice is made by appellee's counsel, which is that no bill of exceptions was filed containing the evidence heard by the court before entering the order complained of. There was an alleged bystander's bill of exceptions prepared and tendered which is in the record sent to this court, but it was never signed by the presiding judge, nor filed by any order of the court. It consists merely of an affidavit filed by appellant's counsel as to what

occurred at the trial of the motion, including the evidence introduced. It therefore cannot be considered as a correct bill of exceptions prepared and filed as required by our Civil Code of Practice, sec. 337, and the motion of appellee's counsel to strike it from the record must be sustained. We conclude, however, that if the tendered bill of exceptions had been properly prepared and filed the judgment as pointed out above was and is proper.

Wherefore, for the reasons stated, the judgment is affirmed.