**REEVES v. GIANNINI'S ADM'R.**

Court of Appeals of Kentucky.
April 27, 1951.

Weldon Shouse, Lexington, Wm. A. Young, Frankfort, for appellant.

Elwood Rosenbaum, James L. Clay, Lexington, for appellee.

STANLEY, Commissioner.

The administrator of the estate of Joseph R. Giannini instituted this suit against E. V. Reeves to recover $1,757.38 on an open account for the erection of a building. The defendant pleaded payment in full and counter-claimed for $582. A verdict for the plaintiff in the sum of $1,417.07 was returned and judgment entered accordingly. An appeal has been perfected.

Appellee moves to strike the bill of exceptions in which are contained the instructions and the stenographer's transcript by reference. The defendant's motion for a new trial was overruled and his prayer for an appeal granted on April 23, 1949. On June 22, 1949, he moved the court to extend the time for filing the bill of exceptions because the stenographer had been unable to complete the transcript of evidence. An order was entered September 6, 1949, extending the time, as it reads, "for a period of 45 days from this 22nd day of June, 1949." This would have been to August 6 or one month *before* the time the order itself was entered. On January 12, 1950, the defendant filed the following paper: "Comes the defendant, E. V. Reeves, by counsel, and offers for filing his bill of exceptions, transcript of the evidence, in duplicate, a bystander's bill, together with the affidavits in support thereof, and in support of this motion, and moves the Court that he be permitted to file the same and that an order be entered extending the time for filing said bill of exceptions, bystander's bill, and noting herein the time of lodging with this Court the stenographer's transcript of the evidence herein."

On January 18, 1950, an order was entered (1) overruling that motion "as it concerns the filing" of the documents; (2) marking the same "tendered" and making them a part of the record, and (3) directing that the lodging of the transcript be "noted of record."

It is apparent that no bill of exceptions was ever filed. The court overruled the motion to file it. He did not attest the correctness of the document. The ruling of the court was right. Considering 60 days as the term in the court of continuous session, KRS 451.130, and regarding the motion made within that period to extend the time from the date the motion for a new trial was overruled, the court had no power after the expiration of the succeeding term (60 days following) to order the filing of the bill of exceptions, so the motion to file the same made on January 12, 1950, was properly overruled. KRS 431.150; Northcutt v. Nicholson, 246 Ky. 641, 55 S.W.2d 659.

The appellee has filed a motion to strike the bill of exceptions. Ordinarily the bill has been filed by an order but filed too late. When that is the record, such a motion is the proper procedure. But when the court has rejected the filing, there is no such instrument for us to consider and we must ignore the paper. Hence, there is no need to pass upon the motion to strike. Asher v. Asher, 203 Ky. 540, 262 S.W. 941; Cornett v. Maloney, 272 Ky. 839, 115 S.W. 2d 305; Gaffeney v. Gaffeney, 311 Ky. 126, 223 S.W.2d 583.

The result of this status is that we have only the question of whether the verdict and judgment are supported by the pleadings, for it is to be presumed the evidence does so. There is no question but that the pleadings of the plaintiff are sufficient. Ely's Administrator v. Louisville & N. R. R. Co., 276 Ky. 815, 125 S.W.2d 742.

The judgment is affirmed.